## Jay T. Corrigan, Appellee, v. Von Schill College of Chiropody and Pedic Surgery, Appellant.

### Gen. No. 37,541.

Opinion filed November 5, 1934.

Simon Herr, for appellant.

Theodore Levin, for appellee; Samuel Ziv, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

On January 19, 1934, plaintiff, payee of a promissory note made by the defendant for $1,600, caused judgment to be entered in his favor for the face of the note, with attorney's fees. Execution was issued and the briefs state a levy was made on defendant's property. January 23rd defendant filed an affidavit of merits and a verified petition praying that the judgment be vacated and it be given leave to defend. Apparently the court was of the opinion that the petition was insufficient and an order was entered continuing defendant's motion to February 2nd and it was allowed

five days within which to file an amended petition. January 26th defendant filed another verified petition and apparently the court was of opinion that this also was insufficient and on February 1st entered an order staying the execution. February 5th an order was entered giving the defendant leave to file "a second amended petition instanter," and further gave the defendant leave to file "a third amended petition in three (3) days." And on February 5th defendant filed what is designated a second amended petition, and on February 8th another amended petition. All of these petitions were verified by the president of defendant.

February 9th the court heard the matter and an order was entered denying the defendant's motion to vacate the judgment of January 19th and the defendant excepted. February 21st defendant presented another petition verified by one of its officers other than the president, and three days later apparently presented another petition which is not in the record. At that time, February 24th, the court entered an order denying defendant leave to file the last two amended petitions. February 26th defendant filed a petition for leave to appeal to this court, and on the same day the court entered an order approving defendant's appeal bond, and it was given 30 days within which to file a bill of exceptions. March 6th plaintiff filed "a notice of appearance in the appeal" which had been served on counsel for defendant. April 19th the court, on motion of plaintiff, entered an order dismissing defendant's appeal because the record had not been filed in this court within the time provided by the rules of this court. April 26th defendant filed a second notice of appeal.

Plaintiff has filed a motion in this court to dismiss the appeal because the appeal had previously been dismissed by the trial court for failure of defendant to file the record in this court within the time provided for by the rules of this court.

Pursuant to section 79 of the Civil Practice Act, Cahill's 1933 Statutes, page 2160, the Supreme Court, and afterward this court, established rules of practice. Par. A of Sec. 2 of Rule 1 of this court provides that "When the *praecipes* do not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court 30 days after the notice of appeal has been filed." And Rule 10 of this court as amended provides: "The record on appeal shall be filed in the office of the clerk of this court within five days after the time specified by Rule 1 for its transmittal by the clerk of the trial court." Rule 1 of this court provides: "Where the *praecipe* filed by the appellant does not specify any of the proceedings at the trial, and appellant fails to file the record on appeal in proper time, the trial court, on application of the appellee, may dismiss the appeal."

In the instant case defendant filed its notice of appeal February 26, 1934. It would therefore be required to file its record in this court within 35 days thereafter as provided by the rules of this court, above quoted. The record, however, was not filed until April 26th or 59 days after the notice of appeal was filed. There was no report of the proceedings because the matter was heard on the verified petitions filed by defendant, and no evidence was taken. There is no provision in the rules of court for allowing a second notice of appeal, so that the second notice of appeal filed by defendant was a nullity. The record not having been filed in this court within the time provided for by the rules, the trial judge was warranted in dismissing the appeal. From this it follows that the motion of plaintiff to dismiss the appeal or proceeding in this court must be sustained and the appeal dismissed.

While this disposes of the case in this court, we might say that the action of the trial court in holding that the several petitions filed by defendant were insufficient to warrant the court in vacating the judg-

ment, was the only action that could be taken under the law. The petitions wholly failed to set up sufficient facts.

The motion of plaintiff to dismiss the appeal is allowed.

*Appeal dismissed.*

McSurely and Matchett, JJ., concur.