Russel E. Lanquist, Appellant, v. George Grossman and William Grossman, Appellees.

Gen. No. 37,902.

Opinion filed November 5, 1935.

DAVID K. TONE, of Chicago, for appellant.

H. P. GROSSMAN, of Chicago, for appellees; J. HERZL SEGAL, of Chicago, of counsel.

Mr. Justice Sullivan delivered the opinion of the court.

Plaintiff, Russel E. Lanquist, sued defendants on their alleged contract of guaranty in a first class action in the municipal court to recover $5,220, principal and interest claimed to be due on a promissory note. The cause was tried by the court without a jury and finding and judgment rendered against plaintiff.

December 4, 1934, we denied defendants' motion theretofore made to dismiss plaintiff's appeal. We are asked now to reconsider our ruling on their motion to dismiss this appeal, to vacate our order denying said motion and to allow their motion to dismiss the appeal at this time.

The judgment was rendered against plaintiff by the trial court June 13, 1934. He filed his notice of appeal June 15, 1934. Proof of service on defendants of the filing of the notice of appeal was filed June 15, 1934. Defendants' appearance in the appeal was filed June 23, 1934. Plaintiff did not within 10 days after filing his notice of appeal June 15, 1934, file a praecipe designating the parts of the trial court record he desired incorporated in the record on appeal as provided in par. a, sec. 1 of rule 1 of the Rules of Practice of this court, and par. a, sec. 1 of rule 36 of the Rules of Practice and Procedure of the Supreme Court. Thereafter, July 17, 1934, plaintiff filed a second notice of appeal and proof of service of notice to defendants of the filing of same. Defendants' motion of July 19, 1934, to dismiss the appeal perfected by the filing of plaintiff's notice of appeal June 15, 1934, and to strike from the files the documents filed July 17, 1934, ''purporting to be a 'notice of appeal,' '' and ''a notice of filing 'notice of appeal,' '' was denied by the trial court. Pursuant to his notice of appeal of July 17, 1934, plaintiff filed a praecipe for record July 26, 1934, and his notice to defendants on the same day of the filing of same. He filed a report of proceedings at the

trial in the trial court September 4, 1934, and the record including same was transmitted to and filed in this court October 3, 1934.

Defendants insist that, inasmuch as there is no provision in the Civil Practice Act (ch. 110, Ill. State Bar Stats. 1935) or in the rules of practice of the Supreme Court for a second notice of appeal, such notice is a nullity, and since the first notice of appeal has admittedly been abandoned because of noncompliance with the rules of court, this proceeding should be dismissed.

Plaintiff contends that where an appellant has omitted some essential step in prosecuting his appeal (such as his failure to file his praecipe for record within 10 days after his notice of appeal was filed), so as to render the appeal ineffective or so as to cast doubt upon its validity, if the time for taking an appeal as specified in the statute has not expired, three courses are open to him: (1) He may dismiss his appeal and sue out a second appeal; (2) he may abandon his appeal and, without dismissing same, proceed with a second appeal; or (3) he may sue out a second appeal without dismissing his first and bring before the reviewing court the record with reference to both appeals and let the reviewing court determine which appeal should be prosecuted and which should be dismissed.

Respectable authority has been cited by plaintiff in support of each of these propositions, but none of the cases cited was decided in the light of requirements governing appeals such as are contained in our Civil Practice Act and the rules of our Supreme Court. In his suggestions filed in this court opposing defendants' motion to dismiss this proceeding, plaintiff states that he "neglected to file a praecipe for record within ten days after the date of his notice of appeal, and fearing that a motion might be made to dismiss his appeal for that reason, plaintiff elected to abandon the first appeal and prosecute a second appeal as he believed he had a right to."

The question presented is one of first impression under the Civil Practice Act and the rules of court adopted supplementary thereto. Sec. 4 of art. 1 of the act declares that it "shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," and sec. 2 of art. 1 reposes in the Supreme Court the power to make rules of pleading, practice and procedure for the city, county, circuit, Appellate and Supreme Courts, supplementary to but not inconsistent with the provisions of the act "for the purpose of making this act effective for the convenient administration of justice and otherwise simplifying judicial procedure."

When the motion to dismiss was originally presented to us, actuated in some measure, at least, by a desire to consider the appeal on its merits, we thought, when we denied defendants' motion to dismiss, that a liberal construction of the act and the rules of court might permit the procedure followed by plaintiff; but, after due and careful consideration of the matter, and having in mind its importance, we are impelled to the conclusion that our order disallowing defendants' motion to dismiss should be reconsidered. It is apparent that the provision of the act declaring that it should be liberally construed did not contemplate a total or even partial disregard of the rules established by the Supreme Court for orderly and convenient procedure to the end that the rights of the parties might be speedily and finally determined on appeal.

Subdivision 1, sec. 74, of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 202, provides:

"Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a

continuation of the proceeding in the court below. . . ."

Subdivision 1, sec. 76, provides:

"No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other determination complained of; . . . ."

Subdivision 2, sec. 76, provides:

"*An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court.* After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional." (Italics ours.)

Subdivision 1, sec. 77, provides:

"Appeals shall lie to the Appellate or Supreme Court, . . . under such limitations and conditions as may be imposed by law and subject to such rules of court as may be established and promulgated under this chapter."

Rule 33 of the Supreme Court prescribes in detail the contents and form of the notice of appeal, and Rule 34 provides *inter alia:*

"(1) A copy of the notice by which the appeal is perfected shall be served upon each appellee and upon any co-party who does not appear as appellant, and upon any other person or officer entitled by law to a notice of appeal, within five days after said notice of appeal is filed in the lower court.

"(a) Where the appeal is taken as of right, such service shall be made within ninety days from the entry of the order, decree, judgment or other determination from which the appeal is taken."

Rule 36 of the Supreme Court provides, in part, as follows:

"(1) (a) In appeals taken directly to the Appellate or Supreme Court, the appellant shall within 10 days after the notice of appeal has been filed, prepare and

file a *praecipe* with the clerk of the trial court, with proof of service, and serve a copy thereof on the appellee or his attorney, in which appellant shall designate what parts of the trial court record are to be incorporated in the record on appeal. . . .

"(c) The report of the proceedings at the trial consisting of the testimony and the rulings of the trial judge and all matters upon which such rulings were made, and other proceedings which the appellant desires to incorporate in the record on appeal, shall be procured by the appellant and submitted to the trial judge or his successor in office for his certificate of correctness, or where this is impossible because of the absence from the district, sickness or other disability of such judge, then to any other judge of said court, and filed in the trial court within 60 days after the appeal has been perfected.

". . .

"Any judge of said court may on good cause shown make an order or orders extending the time allowed for filing such report of the proceedings, but the application for any such order must be made before the expiration of the original or extended period allowed for such filing.

". . .

"(e) Failure by the appellant to file a report of the proceedings or an agreed statement of facts within the time originally allowed or extended, where the *praecipe* filed by such appellant has specified any of the proceedings at the trial, shall authorize a dismissal of the appellant's appeal, and an order may be made by the trial court, on the application of the appellee, dismissing the same. . . .

"Where the *praecipe* filed by the appellant does not specify any of the proceedings at the trial, and appellant fails to file the record on appeal in proper time, the trial court, on application of appellee, may dismiss the appeal. . . ."

"(2) . . . The record on appeal shall be transmitted to the reviewing court . . . as follows:

"(a) When the *praecipes* do not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than 30 days after notice of appeal has been filed.

"(b) When the *praecipes* specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than 30 days after the report of the proceedings or agreed statement of facts has been filed.

"(c) Further time within which to file the record on appeal may be granted by the reviewing court, or by any justice thereof in vacation upon motion and affidavit showing good cause, and due diligence. Such motion and affidavit must be accompanied by enough of the record on appeal to show a final judgment or decree, a notice of appeal filed within the time limited by the Civil Practice Act, and proof of service of the notice of appeal, and the filing and serving of appellant's *praecipe* for record, all within the time limited by the Civil Practice Act, and by these rules.

"Such motion shall be made before the expiration of the time fixed in this rule for filing the record on appeal.

"Where the report of the proceedings at the trial . . . is filed in the trial court within proper time but the record is not transmitted to the reviewing court before the expiration of the time fixed in this rule, the trial court or the reviewing court on application of the appellee and upon proper showing, may dismiss the appeal; but where the record shall have been filed in the reviewing court after the expiration of the time fixed by this rule but before such application is made by the appellee, the reviewing court shall dismiss the appeal."

The rules of this court follow the rules of the Supreme Court as enumerated except that our Rule 10

allows five days for the filing of the record on appeal in the office of the clerk of the Appellate Court after the time specified in Rule 1 of this court and Rule 36 of the Supreme Court for its transmittal by the clerk of the trial court.

All the material provisions of the Civil Practice Act and the rules of the Supreme Court applicable to an appeal as a matter of right, where a supersedeas is not sought or desired, are as heretofore set forth. A careful examination of these provisions and rules demonstrates that they are in nowise ambiguous and that compliance with them imposes no hardship on lawyer or litigant. The rules prescribe the necessary steps in order that must be taken to bring the appeal to this court after it has been perfected. The act specifies that plaintiff's method of review of the trial court's judgment against him was by *notice of appeal* and that the appeal so taken constituted a continuation of the proceeding in the court below. He was entitled as a matter of right to such appeal, if he filed his notice of appeal in the trial court and served notice on the appellees that he had done so within 90 days after the entry of the judgment. Thus he had 90 days within which to decide if he desired to appeal and to contemplate the various steps necessary to properly present his appeal. It was entirely within his own control during that period as to when he should file his notice of appeal, but, once having filed it, under subdiv. 2, sec. 76, of the act, it was jurisdictional and his appeal was perfected. The filing of the notice of appeal June 15, 1934, was jurisdictional and constituted a pending perfected appeal which was a continuance of the proceeding in the court below, and we are at a loss to understand how, under the terms of the act, when the jurisdiction of the court had attached by an appeal already perfected and pending, a subsequent notice of appeal could have any force or effect.

Plaintiff insists, however, that he has the right to disregard subdiv. 2 of sec. 76 of the act, which declares the filing of the notice of appeal to be jurisdictional, and to treat the notice of appeal filed by him June 15, 1934, as merely a gesture or as not having been filed at all. The difficulty with this position is that the act contains no provision for the filing of a second notice of appeal as a matter of right when an appeal is already pending, but stamps the one appeal provided for as jurisdictional. If plaintiff is entitled to file a second notice of appeal under the circumstances that exist here, it would logically follow that he could file a succession of notices of appeal as a matter of right so long as he did so within the 90-day limitation. We are satisfied that no such result was anticipated within the purview of either the act or the rules of the Supreme Court. Such a practice could result only in confusion and uncertainty and not in the orderly, convenient and expeditious procedure contemplated by the act and the rules of court.

The original appeal having been perfected, the trial court was without jurisdiction to dismiss it for any reason except as expressly authorized by the rules of the Supreme Court. The only authority conferred by those rules upon the trial court to dismiss an appeal is for the failure by appellant to file a report of proceedings or agreed statement of facts within the time originally allowed or extended where the praecipe filed by such appellant specified any of the proceedings at the trial, or where the praecipe filed by appellant does not specify any of the proceedings at the trial and appellant fails to file the record on appeal in proper time (in this court within 35 days after notice of appeal), or where the report of proceedings at the trial is filed in the trial court within proper time, but the record is not transmitted to the reviewing court before the expiration of the time fixed by the rules of court

(30 days from the date of filing the report of proceedings or agreed statement of facts in the trial court). In these three instances only may the trial court dismiss an appeal upon proper showing.

Plaintiff states that the reason that he did not proceed under his original notice of appeal was that he was apprehensive that it would be dismissed on defendants' motion because of his failure to file a praecipe for record within 10 days after he had filed his notice of appeal as prescribed in subdiv. 1 (a) of Rule 36 of the Supreme Court. The trial court had no authority to dismiss his perfected appeal because of his failure to file a praecipe. However, whether he filed his praecipe within apt time or later, he was bound under the rules to file his record for appeal in this court within 35 days (no extension having been allowed) after his notice of appeal of June 15, 1934, was filed, if no report of the proceedings at the trial was specified or necessary for a review of the judgment, and if such a report of the proceedings at the trial was specified or deemed necessary for his appeal, he was bound to file that report in the trial court within 60 days after his notice of appeal of June 15, 1934, was filed (no extension having been allowed), and his record of appeal, including the report of proceedings in this court not later than 35 days (no extension having been allowed) after the report of proceedings was filed in the trial court. If plaintiff had proceeded with his original perfected appeal and filed his record on appeal in this court within apt time, even though his praecipe for record did not comply with the rules as to the time of its filing, a different question would have been presented.

When on July 19, 1934, defendants presented their motion to the trial court for the dismissal of plaintiff's appeal of June 15, 1934, on the ground (1) that plaintiff had failed to file a praecipe for record within 10 days after filing his notice of appeal June 15, 1934, as

prescribed by the rule heretofore set forth and (2) that his record on appeal was not prepared and transmitted to this court within 30 days after his notice of appeal was filed, that court was clearly right in refusing to dismiss the appeal for either of the reasons urged. The trial court was not vested with authority under the rules of the Supreme Court to dismiss the appeal for either of the reasons urged. The circumstances under which the trial court may dismiss a perfected appeal have been heretofore set forth and they are exclusive of all others.

The trial court, however, should have sustained defendants' motion to dismiss what purported to be a notice of appeal filed by plaintiff July 17, 1934, because there was no legal sanction for filing same under the act or the rules of court.

While the question presented here was not before this court except incidentally in the case of *Corrigan v. Von Schill College of Chiropody,* 277 Ill. App. 350, wherein the appeal was dismissed for failure to file the record on appeal within apt time, Justice O'Connor in that case, commenting upon the filing of a second notice of appeal in the trial court, said at p. 352:

"There is no provision in the rules of court for allowing a second notice of appeal, so that the second notice of appeal filed by defendant was a nullity."

It is conceded that as to the notice of appeal of June 15, 1934, the record on appeal was not filed in this court within the time provided by the rules of court, and as the appeal perfected by that notice of appeal constitutes the only lawful appeal in this cause, the order of this court of December 4, 1934, denying defendants' motion to dismiss plaintiff's appeal is vacated and set aside and defendants' motion to dismiss this proceeding, purporting to be an appeal, is at this time allowed.

*Proceeding dismissed.*

SCANLAN, P. J., and FRIEND, J., concur.