238

George Roy, Appellee, v. City of Springfield,
Appellant.

Gen. No. 8,962.

Opinion filed November 7, 1935.

HUGH J. DOBBS, of Springfield, for appellant; J. R.
FINKLE, of Springfield, of counsel.

T. J. SULLIVAN and FRANK R. SULLIVAN, both of Springfield, for appellee.

PER CURIAM.

This cause is before the court on the petition of the city of Springfield for leave to appeal from the judgment of the circuit court of Sangamon county.

It appears from the record that judgment was entered upon the verdict of the jury on December 24, 1934; that notice of appeal was filed in said court on March 18, 1935; that on May 6, 1935, an order was entered by the circuit court extending the time to and including July 1, 1935, within which report of proceedings in said cause should be filed; that on June 28, 1935, the report of proceedings was filed.

From the affidavit filed in support of the petition for leave to appeal it appears that the record in said case was not on file in the office of the clerk of this court on July 29, 1935, the last day in which the record could be filed under the rules of this court.

The right to appeal is not a constitutional right and does not exist unless it is conferred by statute. *Union Drainage District No. 6 v. Dupuis-Granger Drainage District No. 11,* 313 Ill. 37. Being purely statutory the statute granting the same must be strictly complied with. *Hall v. First Nat. Bank of Pittsfield,* 330 Ill. 234.

Unless an appeal is taken as a matter of right within 90 days from the entry of the judgment complained of the burden is upon the petitioner to show not only that there is probable ground for reversal of the judgment complained of, but also to satisfy the court that the delay in taking the appeal was not due to his culpable negligence before an order can be entered by the reviewing court granting the appeal.

The facts shown in the affidavit in support of the petition are these: that a complete transcript of the record was presented to the office of the clerk of this court on July 6, 1935, and that said record was with-

drawn therefrom on July 16, 1935, pending payment of the filing fee and to facilitate the preparation of an abstract; that counsel, presenting said record to said clerk, requested the clerk to furnish a bill for such filing fee so that the same could be vouchered in due course of city business in transactions wherein the legal department of the city has incurred expense payable from the revenue of the water department. Such fee bill was delivered to counsel for the city on July 16, 1935, and the same was vouchered for payment on July 22, 1935.

An employee of the clerk's office made a notation that said record was required to be returned to said office on or prior to Monday, July 29, 1935, in order that said appeal be perfected as a matter of right, and said counsel understood that he was to be advised thereof on the receipt of said filing fee or in case said date arrived and the fee was not paid; that, due to the illness of one of the employees of the city, a check did not in fact issue in payment of said filing fee until August 1, 1935, and on the same day said employee who had been absent on a vacation returned and called attention of counsel that the time of filing said record was past due; that between July 23 and August 1st counsel for the city was engaged in business of the city, requiring his appearance in courts of record which necessitated his absence from his office almost continuously from July 24 to July 30. His associate counsel during said period had abstracted said record but was under the erroneous impression that said record had been filed.

Are the facts shown by the affidavit sufficient to satisfy the court that the delay in taking an appeal was not due to appellant's culpable negligence? "Culpable," in the sense in which it is used in section 76, paragraph 1, of the Civil Practice Act (Ill. State Bar Stats. 1935, ch. 110, ¶ 204) and in rule 29 of the

Supreme Court, is that of "blamable." *Peoria & P. U. Ry. Co. v. Clayberg,* 107 Ill. 644, 651. One would be guilty of culpable negligence if he failed to exercise that degree of care rendered appropriate by the particular circumstances, and which a man of ordinary prudence in the same situation and with equal experience would not have omitted.

By the filing of a notice of appeal in the circuit court counsel perfected an appeal and he also complied with all of the requirements of the Civil Practice Act and rules of court even to procuring a complete transcript of the record in the case long before the time it was necessary to file the same and was fully informed as to the final date upon which the record on appeal must be filed, and had notice also of the necessity of paying the filing fee to the clerk of the court at the time the record was presented for filing, and all of which he must necessarily have known from his experience as an attorney but failed to file the same on or before the day it was due to be filed.

It is stated that counsel understood that he was to be advised when the filing fee was received by the clerk or when the date arrived and the fee was not paid, and that a check was not issued by the city for the filing fee because of the illness of one of the employees of the city.

Does it appear, from the facts stated in the affidavit in support of the petition to appeal, that counsel for petitioner exercised that degree of care that a lawyer of ordinary prudence and of equal experience would have exercised under the same circumstances? We think not. Even though counsel may have been busy in courts of record in the interests of the city, the record could have been filed and the fee paid by any messenger of the city. It was not a service that was necessary to be performed by counsel in person, al-

though it was his duty to see that the same was filed in time in order that the appeal be not dismissed.

We are of opinion that appellant has failed to show facts sufficient to satisfy the court that the delay in taking an appeal was not due to appellant's culpable negligence. It will be unnecessary to consider other questions raised by the parties.

*Leave to appeal denied.*