### Edward J. Cullinan, Appellant, v. Richard A. Cullinan, Appellee.

### Gen. No. 8,934.

Opinion filed April 17, 1936.

WILLIAM A. POTTS and ROBERT H. ALLISON, both of Pekin, for appellant.

GEORGE Z. BARNES, of Peoria, for appellee.

MR. JUSTICE ALLABEN delivered the opinion of the court.

Edward J. Cullinan, plaintiff appellant, brought suit against Richard A. Cullinan, defendant appellee, in the circuit court of Tazewell county to the May term, 1930, said suit being filed on April 10, 1930. In this suit plaintiff claimed that he had sold to the defendant 11,252.8 cubic yards of gravel at 20 cents per cubic yard, for which he had not been paid. The case was tried before a jury at the February term of said court, 1932, and a verdict was returned for the defendant. Judgment was entered on the verdict, from which judgment the plaintiff appealed to this court. The judgment was reversed and the case remanded for a new trial on account of errors shown upon the record. (269 Ill. App. 664.) A new trial was had before a jury in December, 1934, and on December 6, 1934, the jury returned its verdict finding the issues for the defendant. A motion for a new trial was made on behalf of the plaintiff and argued before the court, and on December 31, 1934, the motion for new trial was denied and judgment was entered on the verdict. From this judgment of December 31, 1934, the plaintiff has prosecuted this appeal to this court, assigning many errors relied upon for reversal. None of these is set out inasmuch as they will have no bearing upon the decision in this case, except the eleventh assignment of error which will be hereafter discussed. The defendant filed in this court a motion to dismiss the appeal, or to strike the cause from the docket, together with suggestions in support of said motion. The plaintiff filed suggestions in opposition to the defendant's motion to dismiss the appeal. Counsel for both plaintiff and defendant in their briefs, and plaintiff more particularly in his reply brief have discussed the merits of this mo-

tion at great length, although most of the discussion is a repetition of the suggestions previously filed as mentioned herein. This motion of defendant to dismiss plaintiff's appeal, or to strike the same from the docket, was taken with the case.

The motion is based upon the following facts: Final judgment was entered in this case on December 31, 1934; plaintiff filed his "Notice of Appeal" with the clerk of the circuit court of Tazewell county on January 18, 1935. Proper notice was served on appellee, and appellee entered a notice of appearance in said appeal on January 28, 1935. On February 4, 1935, plaintiff filed his praecipe for record, requesting, among other things a "report of the proceedings" of the trial. No "report of the proceedings" or record or stipulation of facts material to the controversy were presented or filed in the court within 60 days after the filing of the "Notice of Appeal." And no extension of time was asked for or granted by the court within said 60 days. On April 16, 1935, defendant filed his motion in the trial court to dismiss the appeal as set forth in the "Notice of Appeal" of January 18, 1935. A hearing was had on said motion on April 20, 1935, and the circuit court of Tazewell county dismissed the appeal.

In the meantime plaintiff filed a second "Notice of Appeal" within 90 days from the rendition of the final judgment against him, on March 23, 1935, and a praecipe for record on March 25, 1935. On April 20, 1935, defendant filed a motion to strike from the files the second "Notice of Appeal" filed on March 23, 1935, and the praecipe for record filed two days thereafter, which motion was on that day allowed, and the said second "Notice of Appeal" and praecipe issued thereafter were stricken from the file. Plaintiff, disregarding the order of April 20, 1935, dismissing the appeal and striking the second "Notice of Appeal" and the

praecipe filed thereunder has brought the record of this case to this court for the purpose of review by this court of all the proceedings had in the trial court. This report of proceedings was presented to the trial judge on the 16th day of May, 1935, and was signed and sealed by him on the 21st day of May, A. D. 1935, and was filed in this court on June 20, 1935.

It is contended by the plaintiff that the trial court erred in striking the second "Notice of Appeal" and praecipe for record filed by the appellant, and the eleventh error relied upon for reversal is to the same effect. No complaint is made of the order of the circuit court of Tazewell county dismissing the appeal based on the first "Notice of Appeal" filed January 18, 1935. In fact, plaintiff did not resist the motion and concurred in it, claiming that the appeal had been abandoned.

It is the plaintiff's contention that he could abandon the appeal based on the "Notice of Appeal" filed January 18, 1935, and as a matter of right file a second "Notice of Appeal" within 90 days from the rendition of judgment, totally disregarding the "Notice of Appeal" previously filed. We have been favored by counsel for both sides with lengthy argument concerning the construction to be placed upon appeals prosecuted under the Civil Practice Act. Citations from various texts, and from other jurisdictions, have been called to the court's attention. However, the courts of our own State have twice passed upon this matter, and we believe we are bound to follow these decisions.

In the case of *Corrigan v. Von Schill College of Chiropody & Pedic Surgery*, 277 Ill. App. 350, where a defendant filed a second notice of appeal, Mr. Presiding Justice O'Connor said: "There is no provision in the rules of court for allowing a second notice of appeal, so that the second notice of appeal filed by defendant was a nullity." Recently, in the case of

*Lanquist v. Grossman,* 282 Ill. App. 181, a situation almost identical with the case at bar was presented to our Appellate Court for the First District. In an exhaustive opinion written by Mr. Justice Sullivan, which sets out in detail all of the provisions of the Civil Practice Act which pertain to appeals, this matter is discussed at great length. Practically the same arguments were presented by the appellant in that case as are presented here. In that opinion the court points out under subdivision 2, section 76 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 204, "An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court," and quotes from the opinion of Mr. Justice O'Connor in the case of *Corrigan v. Von Schill College of Chiropody & Pedic Surgery,* 277 Ill. App. 350, and then says, concerning a second notice of appeal, "The trial court, however, should have sustained defendants' motion to dismiss what purported to be a notice of appeal filed by plaintiff July 17, 1934, because there was no legal sanction for filing same under the act or the rules of court."

It is true that section 4 of article 1 of the Civil Practice Act declares that it shall be liberally construed, so that controversies may be speedily and finally determined according to the substantive rights of the parties, but we believe that provision did not contemplate a total or even a partial disregard of the rules established by the Supreme Court for orderly and convenient procedure in the prosecution of appeals.

For the reasons set out herein it is our opinion that the trial court properly struck the second "Notice of Appeal" and the praecipe issued thereafter, and that defendant's motion to dismiss this proceeding purporting to be an appeal should be allowed, and that this proceeding should be dismissed.

*Proceeding dismissed.*