G. D. Cassens, Appellee, v. J. E. Paynter and Ray Paynter, Trading as Community Cab Lines, Appellants.

Opinion filed May 5, 1937.

GEERS & GEERS, of St. Louis, Mo., for appellants.

BURROUGHS, SIMPSON & REED, of Edwardsville, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This cause is before the court on a motion of G. D. Cassens, appellee, to dismiss an appeal from the circuit court of Madison county and to assess damages in favor of the appellee or in the alternative to strike the cause from the docket. The motion is supported by affidavits of counsel for the appellee and by the chief deputy clerk and the deputy clerk of the circuit court of Madison county. It appears from the record that on June 2, 1936, the appellant filed and served appellee with a notice of appeal to this court. No praecipe for a record was filed or served within 10 days thereafter but appellants requested the court

reporter to prepare a report of the proceedings at the trial. Such report was prepared and was certified to by the trial court on July 21, 1936, and was on the same day filed in the office of the circuit clerk of Madison county. The file mark appears to have been changed from July 21, 1936, to July 27, 1936, and a question of fact has arisen whether the change was properly authorized by the office of the circuit clerk and whether the 21st day of July or the 27th day of July is the correct day on which the said report is to be taken as filed. On August 26, 1936, counsel for appellants delivered the report of proceedings together with the complete transcript of the record to the chief deputy clerk of the circuit court with instructions to forward the transcript to the clerk of the Appellate Court. On August 29, 1936, the clerk of the Appellate Court wrote to the counsel for the appellants calling his attention to the fact that the clerk had not received the docket or filing fee necessary for docketing an appeal in this court. On September 1, 1936, the clerk received a letter from counsel for appellants inclosing the $20 docket or filing fee and thereupon the transcript of record was marked filed in the Appellate Court. No application was made for extension of time for filing the record in this court.

It appears from an affidavit of counsel for appellants that on July 16, 1936, the record of proceedings was delivered to the attorney for appellee by the court reporter and that on July 18, 1936, appellants' counsel was notified by appellee's counsel that the record of the proceedings was ready for delivery. The affidavit further says that in response to the foregoing notice appellants' counsel called at the office of appellee's counsel for the record and was informed that it had been left at the office of the clerk of the circuit court. Appellants' counsel removed the record from the office of the clerk of the circuit court on July 21, 1936, and

did not return it until July 27, 1936, at which time the original assignment of errors was attached to the record of the proceedings in the trial court. Appellants' counsel contends that the record was filed on the date that the same was returned to the office of the clerk by appellants' counsel and not on July 21, 1936, the day on which the record was left in the office of the clerk by appellee's counsel. There are some conflicting assertions in the affidavits of counsel for the respective parties.

If it be taken in the light most favorable to the appellants, that is, that the true date upon which the report of proceedings should be considered as filed was July 27, 1936, it nevertheless appears that appellants have not complied with the requirements of Rule 36, subsection 2 of the Supreme Court of Illinois, and Rule 1, subsection 2 (b) of this court. It further appears that under Rule 36, section 2, subsection C, this court has no alternative in the matter of an appeal sought as a matter of right except to dismiss the appeal where the record is not transmitted to this court within 30 days from the time of the filing of the report of proceedings of the trial court. *Roy v. City of Springfield*; 282 Ill. App. 238; *West Side Trust & Savings Bank of Chicago v. Damond*, 280 Ill. App. 343, 350; *Holmes v. Burk*, 277 Ill. App. 46; and *Corrigan v. Von Schill College of Chiropody & Pedic Surgery*, 277 Ill. App. 350.

The appeal is accordingly dismissed.

*Dismissed.*