Metropolitan Life Insurance Company, Appellee, v.
Irene Shattas et al., Appellants.

Gen. No. 40,318.

Matchett, J., dissenting.

Opinion filed January 16, 1939.

SINON A. MURRAY and S. D. TANNENBAUM, both of
Chicago, for appellants; LOUIS A. ROSENTHAL, of Chi-
cago, of counsel.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellee; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

May 20, 1934, Kazimeraz Shattas was solicited by an agent of plaintiff, Metropolitan Life Insurance Company, and on that day signed a written application for insurance. On the same day Dr. Max E. Fisch for the company called on plaintiff at his home to examine him physically to ascertain whether he was a fit subject for insurance. The doctor testified he examined Shattas, asked him the 26 printed questions in the application and wrote down the answers given by Shattas. This document was signed by Shattas and on June 1, 1934, the insurance company issued its policy of insurance to Shattas for $1,000, Irene Shattas, the insured's minor daughter being named as beneficiary. It is stated in the policy that "This policy is issued in consideration of the Application therefor, copy of which Application is attached hereto and made part hereof," etc. The premium was paid. Shattas died October 10, 1934. The insurance company claimed Shattas had obtained the policy through fraud in giving false answers to questions put to him by the examining physician, particularly that he answered a question that he had never had a disease of the liver, and another question, that he had not been attended by a physician during the past five years; that both of these answers were false because shortly before Shattas signed his application for insurance he had been treated a number of times by Dr. Zalatoris, his family physician, for cirrhosis of the liver, an incurable disease, and that his health at that time was very bad.

The policy issued is designated on the face of it, "Special Class," and counsel for the insurance company say that such policy was issued because Shattas was dealing in alcoholic liquors and was required to pay a high rate of premium.

The policy was incontestable after 2 years and on May 5, 1936, the insurance company filed its complaint in the instant case in chancery claiming the policy was fraudulently obtained, as above stated, and praying that it be declared null and void, and the beneficiary enjoined from prosecuting any suit or action on the policy. Defendants answered denying any allegations of fraud made against Shattas in obtaining the policy. The case was referred to a master in chancery who heard the evidence offered by plaintiff, defendants offered none; he made up his report and recommended a decree in accordance with the prayer of the complaint. Objections to the report were overruled and afterward a decree was entered in accordance with the recommendation of the master, and the defendants prosecute this appeal.

We have examined the evidence in this case and are clearly of opinion it shows that for some time and up until a short time before Shattas signed his application his health was bad; that he consulted his physician and that he knew his health was bad and that he knowingly made false answers to the questions put to him in his application. In these circumstances the policy cannot be enforced. *Janelunas v. Chicago Frat. Life Assn.*, 286 Ill. App. 219. The master found, and his finding was approved by the chancellor, that Shattas had knowingly made false answers to questions put to him as to the state of his health. In such case, we are not warranted under the law in disturbing such finding unless we are of opinion that it was against the manifest weight of the evidence. *Stasch v. Stasch*, 355 Ill. 581; *Pasedach v. Auw*, 364 Ill. 491; we think the evidence clearly sustains the decree.

All of the briefs were filed before the case was taken under consideration and the first point made in plaintiff's brief is that the appeal should be dismissed "because the record was filed after the time prescribed by the rules of this court." Counsel for both parties agree that the notice of appeal was filed May 4, 1938; that the record was filed in this court July 5, 1938, which is 62 days after the notice of appeal was filed. Counsel also agree that Rule 1, of this court and Rule 36 of the Supreme Court required the record to be filed in this court not more than 60 days after the notice of appeal has been filed. But counsel for defendant say that July 3, the 60th day, was Sunday and that the next day, July 4, was a holiday and therefore it was impossible to file the record in the clerk's office of this court on either of these 2 days; that in computing the number of days within which the record must be filed, the rule is, to exclude the first day and include the last day, and that if the last day falls on a Sunday, that day is also to be excluded. Counsel also point out that the Negotiable Instrument Act, (sec. 17, ch. 98, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 89.018]) provides that the 4th of July is a legal holiday; and that excluding the 60th day, which was Sunday, and the following day which was a holiday, the record was filed in apt time.

We are unable to agree with counsel's contention. It has been held that when the last day for filing a record is a holiday, such day will not be excluded from computation of time unless it falls on Sunday. *Richter v. Chicago & Erie R. R. Co.,* 273 Ill. 625; *Connell v. North Town Motor Co.,* 297 Ill. App. 247. It was also held in those cases that sec. 17, of the Negotiable Instrument Act, which designated certain days, including the 4th of July as legal holidays for certain purposes in regard to negotiable instruments, did not make such day a legal holiday for the performance of judicial functions. The record not having been filed

in this court within the 60 days from the filing of the notice of appeal the filing thereafter was too late and the appeal is dismissed.

*Appeal dismissed.*

McSurely, P. J., concurs.
Matchett, J. dissenting.

I concur in what is said as to the lack of merit in the appeal, but I think the appeal should not be dismissed but decided. The order of dismissal seems to me to be contrary to the spirit of the Civil Practice Act.