(No. 27910—          )

ALBERT J. PASSENT *et al.,* Appellants, *vs.* PETER VREDEN-
BURGH LUMBER COMPANY *et al.,* Appellees.

*Opinion filed May 16, 1944.*

HOMER D. McLAREN, of Springfield, for appellants.

BARBER & BARBER, of Springfield, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Sangamon county. There is no transcript of evidence and all questions are presented on the facts alleged in the pleadings. It is assumed that the cause was brought to this court by direct appeal on the theory that a freehold was involved. A brief statement of the facts and the questions presented will demonstrate that no freehold is at issue and that this court is without jurisdiction to entertain this appeal.

Sometime prior to July, 1941, Charles S. Wanless and defendant Peter Vredenburgh Lumber Company, referred to as the lumber company, entered into some kind of an arrangement by which it appears that the lumber company was to furnish the material and erect a house on a vacant lot owned by Wanless. The lot was described as lot 429 Har-

vard Park in Springfield. It seems that the further arrangement was that the lumber company was to find a purchaser, when the house was erected, to whom Wanless would convey. By mistake the lumber company erected the house on lot 426 Harvard Park, which was some distance from the Wanless lot and was owned by James A. Easley. Without knowledge of its error, the lumber company sold the Easley lot to plaintiffs in July, 1941. The purchase price was $5100, part of which plaintiffs paid in cash and the balance was arranged by a Federal Housing Association loan through the Franklin Life Insurance Company. Wanless deeded lot 429 to plaintiffs and plaintiffs mortgaged it to secure the loan. After the mistake was discovered, the lumber company acquired the note and mortgage from the insurance company. After receiving the deed from Wanless for lot 429, plaintiffs went into possession of the new house built by the lumber company on the Easley lot, 426. They resided there for twenty-six months. It seems that Easley had no knowledge that the house had been erected on his lot or that plaintiffs were in possession. After plaintiffs had made certain payments to the insurance company on the mortgage, improved the lot by grading, and after occupying it for a period of time, the mistake was discovered and, being unable to reach an agreement with all parties concerned, plaintiffs instituted this suit. In their complaint they tendered a deed to Wanless for lot 429. There is no question raised on this appeal as to such tender. The lumber company's answer admitted the mistake in building the house on the wrong lot and all the material facts herein stated. A decree was entered in which an account was stated between the plaintiffs and the lumber company. It released plaintiffs from the obligation of their note and mortgage and directed plaintiffs to transfer lot 429 to Wanless.

The only questions presented by plaintiffs on this appeal are (a) that the decree improperly charged them with

rental of $50 per month for the twenty-six months they occupied the house located on the Easley lot; (b) that they should have been allowed the enhanced value of the lot over and above the purchase price, and (c) that they were entitled to the allowance of reasonable attorney's fees.

None of these questions give this court jurisdiction on direct appeal. The cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*