118

LAWRENCE W. McDONALD, Appellant, *vs.* EUGENE H. McDONALD *et al.,* Appellees.

*Opinion filed January 22, 1953.*

ARLO E. BANE, of Bloomington and LeRoy, for appellant.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This appeal is another phase of the controversy which was here in *McDonald v. McDonald,* 408 Ill. 388. Lawrence W. McDonald brought an action in the circuit court of McLean County against Eugene H. McDonald, his brother, and their three sisters, in which he sought to set aside five deeds by which the parties had voluntarily partitioned a farm of 320 acres, and to have the land partitioned by the court. Eugene and Lawrence had been partners in the operation of the farm, and Eugene filed a counterclaim against the plaintiff for an accounting of partnership profits. Two of the three sisters filed a joint counterclaim against the plaintiff, alone, for an accounting of his share of the rent

allegedly due them for the use of their interests in the land by the partnership prior to its dissolution. The third sister also filed a counterclaim against plaintiff. The chancellor entered a decree declaring the voluntary partition valid, and retaining jurisdiction over all questions raised by the counterclaims. Upon a direct appeal to this court by the plaintiff, Lawrence W. McDonald, that decree was affirmed.

When the cause was redocketed, Eugene H. McDonald filed a petition seeking reimbursement from Lawrence W. McDonald for money advanced for taxes and payments on a mortgage debt, and for possession of the 32 acres which had been adjudged to be his property. The specific relief sought was (1) the entry of an order directing Lawrence W. McDonald to vacate forthwith the dwelling house and other improvements occupied by him and located upon the 32 acres, (2) a judgment in favor of the petitioner, Eugene H. McDonald, for $1958.06, or such sum as might be found due, and (3) a reference of the cause to a commissioner or other officer to determine and state an account between Eugene and Lawrence.

Attorney Arlo E. Bane filed a limited appearance for the sole purpose of moving for a continuance to enable Lawrence W. McDonald to obtain counsel. The motion was denied, and after hearing evidence the court entered an order directing Lawrence W. McDonald to surrender possession of the land in question, entering judgment for $2144.46 in favor of Eugene H. McDonald and against Lawrence W. McDonald, and reserving for future disposition the matter of an accounting between the parties. Lawrence W. McDonald appeals. A motion to dismiss the appeal has been taken with the case.

None of the issues argued by the appellant involves a freehold, and this court is therefore without jurisdiction upon direct appeal. Propriety of the denial of the motion for a continuance presents a question of practice. (*Hooper v. Wabash Automotive Corp.* 365 Ill. 30; *Fyffe v. Fyffe,*

364 Ill. 281.) Not only were the questions involving a freehold decided upon the former appeal but title to the tract of 32 acres in Eugene H. McDonald is admitted and is not now in issue. Therefore a freehold is not involved. (*Gits* v. *Ullrich*, 288 Ill. 527; *Hockett* v. *Logan*, 257 Ill. 326.) Obviously, the challenge to the correctness of the amount of the money judgment does not involve a freehold. *Passent* v. *Peter Vredenburgh Lumber Co.* 387 Ill. 39; *McGrath* v. *Dunne*, 363 Ill. 549.

Since neither a freehold nor any other matter giving this court jurisdiction upon direct appeal is involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 199,) the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*