Nathaniel C. McLean et al., Trustees of Schools, Township Number 1 North, Ranges Numbers 10 and 11 West of 3rd P. M. in St. Clair County Illinois, and Illinois State Trust Company, Plaintiffs-Appellees, v. Board of Education of School District Number 54 of St. Clair County and State of Illinois, Defendant-Appellant.

Term No. 53–M–4.

Opinion filed April 27, 1953. Released for publication June 3, 1953.

F. E. MERRILLS, of Belleville, for appellant.

WHITNEL, WALKER & WILLIAMS, and POPE & DRIE-MEYER, all of East St. Louis, for appellees.

*Per Curiam.*

This case comes before the court on a petition for leave to appeal within one year pursuant to paragraph 200 of the Practice Act, ch. 110, Ill. Rev. St. [1951; Jones Ill. Stats. Ann. 104.076]. That law requires appellant to show affidavit (1) that the failure to perfect the appeal within the usual time limits was not due to appellant's culpable negligence; and (2) that there is merit in appellant's claim. The appellees have challenged the sufficiency of the showing in both respects.

The failure to perfect the appeal in the usual way was caused by the inability of the appellant to secure from the court reporter a report of proceedings within the required time. It has been held that diligence in such a case required the petitioner to secure the extensions of time permitted under the law so that the appeal may be perfected in the usual way. *Roy v. City of Springfield,* 282 Ill. App. 238.

The affidavit with the petition states that the court reporter first excused her failure to transcribe her notes on the ground of pressing other duties. The

210

appellant obtained extensions of time in the trial court until its right thereto was exhausted and then obtained a further extension in this court pursuant to rule.

■ Some months after the trial the official reporter informed counsel that she had lost or mislaid her stenographic notes and all the exhibits. Thereafter the attorney failed to move for a further extension of time in this court before the previous one expired. Since it could reasonably appear to counsel that perfection of an appeal was impossible, we are not disposed to hold that there was any culpable negligence on the part of the appellant. Later, the reporter found her notes and prepared the transcript.

As to the merits of the case, it appears that money was loaned to the defendant and used to build a school. This suit by assignees was for a balance remaining unpaid, for which the court gave judgments to the plaintiffs.

The affidavit of merits makes no attempt to deny that the money was loaned and used as above stated. It is not denied that defendant made payments substantially reducing the original debt, which payments could toll a statute of limitations. No attack is made on the correctness of the amount. It is not denied that claims sued upon were assigned to the plaintiffs, although the authority to make the assignment is questioned. There is no claim that defendant may be subjected to additional liability over and above the amount it owes. This is simply an attempt by a debtor to evade repayment of the balance of a loan.

■ The appeal is sought for the purpose of arguing certain technical points of doubtful value, none of which pertain to the essential justice of plaintiffs' claims. We conclude that the proceedings before us fail to show merit in appellant's claim, and for that reason the petition is denied.

*Petition denied.*