Lawrence W. McDonald, Plaintiff-Appellant, v. Eugene H. McDonald et al., and Metropolitan Life Insurance Company, Defendants-Appellees.

Gen. No. 9,902.

Opinion filed October 26, 1953. Rehearing denied December 2, 1953. Released for publication December 2, 1953.

ARLO E. BANE, of Bloomington and LeRoy, for appellant.

CHALMER C. TAYLOR, and LIVINGSTON, MURPHY & BARGER, all of Bloomington, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

This case was transferred to this court by the Supreme Court of Illinois for the reason that the issues thereby presented did not involve a freehold. *McDonald v. McDonald,* 414 Ill. 118.

The litigation out of which this appeal grows began when plaintiff, Lawrence W. McDonald, brought suit in the circuit court of McLean county against Eugene

H. McDonald, his brother (defendant herein), and his three sisters, seeking to set aside five deeds by which the parties had voluntarily partitioned a farm of 320 acres, and to have the court decree partition thereof. Defendant filed a counterclaim against the plaintiff for an accounting of profits allegedly due him as a partner of the plaintiff in the operation of the said farm. The three sisters also filed counterclaims. On hearing, the chancellor found the voluntary partition deeds to be valid and entered a decree accordingly, but retained therein jurisdiction over all questions raised by the several counterclaims. That decree was affirmed by the Supreme Court. *McDonald v. McDonald,* 408 Ill. 388.

On April 13, 1951, the cause was ordered redocketed. On March 10, 1952, defendant filed his petition therein, in which he prayed the following: (1) Entry of an order directing plaintiff to forthwith vacate the dwelling house and other improvements occupied by him and located upon 32 acres of the real estate which had previously been decreed to be the property of the defendant; (2) A judgment in favor of defendant and against plaintiff for $1,958.06, being reimbursement for moneys advanced for taxes and payments on a mortgage debt; (3) Reference of the cause to a commissioner or other officer of the court for the purpose of determining and stating an account between the defendant and the plaintiff. Notice that said petition would be presented and heard on March 10, 1952, with a copy thereof attached, was served upon the plaintiff on February 25, 1952.

At the time specified in the notice, Attorney Arlo E. Bane appeared for the plaintiff, and although the record reflects considerable uncertainty as to the exact character of his appearance, it was apparently limited to the purpose of moving the court for a continuance

to enable the plaintiff to engage counsel. This motion for a continuance was denied.

The court thereupon heard evidence and entered an order directing the plaintiff to surrender possession of the real estate described in the petition and entered judgment for $2,144.46 in favor of the defendant and against the plaintiff. From said order this appeal has been taken.

Defendant has filed a motion to dismiss the appeal and this has been taken with the case. In this motion, defendant urges as the basis for its allowance, the following reasons: (1) That the record on appeal was not transmitted to and filed in the reviewing court within the time provided in Supreme Court Rule 36; (2) That the abstract of record does not comply with Supreme Court Rule 38; (3) That the brief filed herein does not comply with Supreme Court Rule 39; and (4) That the report of proceedings at the trial is improperly included in the record.

Supreme Court Rule 36, paragraph (2), subparagraph (a) [Ill. Rev. Stats. 1951, ch. 110, § 259.36; Jones Ill. Stats. Ann. 105.36] provides that the record on appeal shall be transmitted to the reviewing court not more than sixty days after notice of appeal has been filed. Said subparagraph (a) further provides that "In the event the reviewing court or justice thereof or a judge of the trial court shall make an order or orders extending the time allowed for filing the report of the proceedings at the trial as in this rule provided, the time within which the record on appeal shall be transmitted to the reviewing court shall, without the necessity of any other order for said purpose by the trial court or reviewing court, or any judge or justice of either thereof, be correspondingly extended." Subparagraph (b), paragraph (2), Supreme Court Rule 36, provides as follows: "Further time within which

435

to file the record on appeal may be granted by the reviewing court, or by any justice thereof in vacation upon motion and affidavit showing good cause and due diligence."

In order to determine whether plaintiff has complied with the aforesaid Supreme Court Rule, reference must be had to the record, which discloses the following: notice of appeal, bond, and praecipe for record were filed April 9, 1952. On May 26, 1952, the time to file report of proceedings at the trial was extended 45 days from that date. On June 20, 1952, the report of proceedings at the trial was filed. On June 28, 1952, the trial court entered the following order: "Time to file transcript and record extended until August 4th, 1952." The record on appeal was filed in the Supreme Court on July 31, 1952. No application to the Supreme Court for an extension of time to file such record appears to have been made.

 From the foregoing, it is apparent that the sixty-day period for filing the record in the reviewing court as provided in Supreme Court Rule 36 was extended by the trial court's order of May 26, 1952, to July 20, 1952. In the absence of such order of the trial court, the time for filing the record would have expired on June 9, 1952. Plaintiff, in his objections to the motion to dismiss, suggests that the trial court's order of June 28, 1952, extended the time to file the record in the reviewing court to August 4, 1952. However, it must be pointed out that this order of the trial court did not relate to the report of proceedings at the trial, as such report had been filed previous to the order of June 28, 1952. Supreme Court Rule 36 vests no authority in the trial court to extend the time for filing the record on appeal, other than that which automatically results from an order extending the time to file the report of proceedings pursuant to subparagraph (a) of section (2) of said Rule.

436

Therefore, the order entered by the trial court on June 28, 1952, did not extend plaintiff's time to file the record on appeal to August 4, 1952, and the time to file such record expired on July 20, 1952.

 It is therefore apparent that plaintiff has failed to comply with Rule 36 of the Supreme Court of Illinois. Subsection (b), section (2) of said Rule 36 provides that where the record shall have been filed in the reviewing court after the expiration of the time fixed by said Rule, the reviewing court shall dismiss the appeal. The Rules of the Supreme Court have the binding force and effect of law and must be observed by this court. *People v. Callopy,* 358 Ill. 11. Application of the provisions of said Rule 36 to the situation presented in the instant case requires this court to dismiss the appeal. *Cassens v. Paynter,* 290 Ill. App. 288; *People v. London & Lancashire Indemnity Co.,* 295 Ill. App. 581; *Zanter v. Todd,* 322 Ill. App. 72; *Metropolitan Life Ins. Co. v. Shattas,* 298 Ill. App. 336.

In view of the decision reached by this court, it will be unnecessary to consider the numerous other grounds urged by the defendant in support of the motion.

For the reasons hereinabove indicated, the appeal is dismissed.

*Appeal dismissed.*