Albert R. Cosgrove, Plaintiff-Appellant, v. New York, Chicago & St. Louis Ry. Co., Defendant-Appellee.

**Term No. 56-O-4.**

Fourth District.

November 5, 1956.

Released for publication November 21, 1956.

Zeno Middleton, of East St. Louis, for plaintiff-appellant.

Pope and Driemeyer, of East St. Louis, for defendant-appellee; Frank M. Rain, of East St. Louis, of counsel.

PER CURIAM.

The defendant herein filed a motion to dismiss this appeal for failure of appellant to comply with the rules of court. Prior to filing the briefs this motion was presented to a judge of this court in vacation who relied upon the representations of appellant's counsel set forth in his objections, and thereupon denied the motion.

Upon final hearing in this court, the actual procedure that was followed has been shown to this court from the official records. It is shown therein that the trial court dismissed the complaint on motion and entered final judgment for defendant on December 21, 1955. Plaintiffs filed notice of appeal therefrom on January 11, 1956.

The plaintiffs had until March 12, 1956, to file the record on appeal in this court by reason of the 60 day rule. App. Ct. Rule 1 (2) (d); Sup. Ct. Rule 36. Section (e) [Ill. Rev. Stats. 1955, ch. 110, § 101.36 subd. (2)(e)] of this rule further provides for granting additional time by the reviewing court or a judge thereof during vacation. No authority is conferred upon the trial court or judge thereof to extend the time for filing the record on appeal in any reviewing court. There is a provision granting to the trial judge authority to extend the time for filing a report of proceedings not more than 45 days. If such an extension is granted, the rule further provides (Par. d) that the time for filing the record on appeal is automatically extended 10 days beyond the extended time for filing the report of proceedings.

Appellant's objections to the dismissal of this appeal represented that a trial judge had granted 30 days' extension of time to file the report of proceedings and that a report of proceedings had been filed within the extended period. These representations were the basis for the vacation order denying the motion to dismiss the appeal.

575

Apparently appellant's counsel misunderstood the provisions of the rule, for this court now finds that the praecipe for record filed by appellant did not call for the inclusion of a report of proceedings, since the case was dismissed on motion attacking the complaint, without hearing on evidence.

We further find that no order has been entered by a trial judge for extension of time to file a report of proceedings, and no such report has ever been filed. The record does disclose an order entered in the circuit court on February 29, 1956, purporting to grant 30 days' extension of time to file the record on appeal in this court. As previously noted, the trial court has no authority to grant such an extension, and the order is void. McDonald v. McDonald, 351 Ill. App. 432.

The record on appeal was filed in this court on April 5, 1956, although the time to file it had expired March 12, 1956. It was filed too late and the appeal must be dismissed. Supreme Court Rule 36 (2)(g) provides: "The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time." To similar effect is App. Ct. Rule 1 (2) (g).

It is therefore ordered that the order in vacation denying the motion to dismiss this appeal is set aside, as having been entered upon mistake of fact, and this appeal is dismissed.

Appeal dismissed.