(No. 26516.—■■■■■■■■■)

JACOB O. BROWNING, Appellee, *vs.* ARDEN O. BROWNING *et al.* Appellants.

*Opinion filed January 22, 1942.*

ROSCOE BONJEAN, for appellants.

HILL, BULLINGTON & VANDEVER, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Appellants, Arden O. Browning and Opal B. Atkeisson, appealed from a decree of the circuit court of Montgomery county to the Appellate Court of the Third District. On the motion of appellee, the Appellate Court transferred the cause to this court. The jurisdiction of this court to review the case has not been questioned by the parties but upon examination we find this court is without jurisdiction and the case will have to be transferred back to the Appellate Court. The reason for the transfer from the Appellate Court to this court is not stated in the order of transfer but

from the nature of the questions briefed, it seems the Appellate Court may have adopted the view that a freehold was involved.

The will of Fannie E. Orr directed the executor to sell a certain tract of land and divide the proceeds in two equal parts. One part she bequeathed to her daughter, Laura E. Browning, the wife of appellee and the mother of appellants. The other half she gave to her son, Lemuel A. Orr, in trust for life with remainder to appellants. Lemuel A. Orr died after the probate of the will but before this suit was started so that appellants, upon his death, were entitled to the one-half bequeathed in trust.

In the exercise of the power contained in the will, the executor, on November 9, 1937, conveyed the real estate to appellants for a consideration of $5000. The executor reported the sale price to the county court and it was approved. Laura A. Browning died subsequent to the making of the agreement, hereinafter mentioned, but before this suit was instituted in October, 1939.

The amended complaint on which the case was tried alleged that there was a written agreement signed by Laura C. Browning and appellee, her husband, of the one part, and appellants of the other, the making of which formed a part of the consideration for the transfer of the real estate by the executor to appellants. It was also stated that by such agreement Laura R. Browning and appellee were to have the rents, issues and profits from the lands during their lives or the life of the survivor of them, and that appellee was to have the right to lease, manage and control the lands. It was further stated that appellee's copy of the agreement had been lost and that demand on appellants to furnish a copy had been unavailing. The prayer was that appellee be decreed a life estate and granted an accounting of the rents collected by appellants or either of them.

Appellants answered, denying the right of appellee to any relief. In a trial before the chancellor a decree was

entered finding that there was a written agreement signed by all the parties, in which appellants agreed that the rents, issues and profits in said land should be collected by appellant, Arden O. Browning, and after deducting the taxes and expenses of operating the farm the balance should be paid to Laura R. Browning and Jacob O. Browning during their lives or the life of the survivor of them. Other findings were made in reference to the change of beneficiaries in certain insurance policies on the life of Laura R. Browning, which matters do not affect this jurisdictional question. The ordering part of the decree declared that appellants were the owners of the land, and that under the agreement they should pay to appellee the rents, issues and profits from the land, less the taxes and operating expenses. The sum due to the time of the hearing was fixed at $662.50 and payment was directed to be made. It was further ordered that, thereafter, the appellants should annually, during the life of appellee, account to and pay over to appellee, all rents issues and profits received from said farm subsequent to the year 1940, first deducting the taxes, expenses of harvesting the products therefrom and maintaining said farm.

It will be observed that the decree appealed from does not create a life estate in the lands in appellee. It merely directed appellants to make annual payments to appellee, the amount of such payments to be the net rents. The payment of the same did not in any way affect appellants' title in the land. Appellee does not question the decree in that regard either by cross-appeal or cross-error.

Appellants claim appellee was not entitled to any relief and argue questions pertaining to the evidence, the applicability of the Statute of Frauds, and the failure to join the executor as a party to the suit. It is obvious that whatever disposition may be made of the errors urged for reversal it can in no way change appellants' title in the land. Whether the decree was correct in not giving appellee a life estate is not before the court.

A freehold is not involved in a case unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or the title to a freehold is so put in issue that the decision of the case necessarily involves a decision of such issue. (*Christie* v. *Brouillette,* 350 Ill. 60; *United Electric Coal Co.* v. *Keefer Coal Co.,* 338 id. 288; *Lederer* v. *Rosenston,* 329 id. 89.) The pleadings involved a freehold, but the errors relied upon by the respective parties for a reversal or affirmance of the decree do not, and under such condition of the record a freehold is not involved so as to give this court jurisdiction on a direct appeal. *Carney* v. *Quinn,* 358 Ill. 446; *Hajicek* v. *Goldsby,* 309 id. 372; *Douglas Park Building Ass'n* v. *Roberts,* 218 id. 454.

The cause is accordingly transferred to the Appellate Court for the Third District.

*Cause transferred.*