WILLIAM D. FAIRBANKS *et al.*

*v.*

WILLIAM R. CARLE *et al.*

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*when freehold is not involved.* A bill in aid of an execution for the purpose of subjecting real estate to the lien of a judgment and satisfying the execution does not involve a freehold, even though the bill seeks to have the legal title declared to be in the judgment debtor although it stands in the name of another person for the alleged purpose of defeating the claims of creditors.

2. SAME—*when Supreme Court will dismiss appeal of its own motion.* If it appears from an examination of the record that the appeal should have been taken to the Appellate Court, the Supreme Court will take notice of the question of jurisdiction and will dismiss the appeal of its own motion regardless of whether a motion to dismiss was made or not, or what action has been taken on such motion.

APPEAL from the Circuit Court of Piatt county; the Hon. SOLON PHILBRICK, Judge, presiding.

CHARLES F. MANSFIELD, for appellant William D. Fairbanks.

HERRICK & HERRICK, and LEMON & LEMON, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee William R. Carle filed his bill in this case in the circuit court of Piatt county against appellants in aid of an execution, alleging that he had recovered a judgment against Luther M. Fairbanks, one of the defendants; that execution had been issued and returned no property found; that an *alias* execution was issued and levied upon the real estate described in the bill; that the record title to said real estate appeared to be in the defendant William D. Fairbanks, but he was not the true owner thereof; that the judgment debtor, Luther M. Fairbanks, purchased the real estate from James M. Crosby; that William D. Fairbanks paid no part of the consideration for said real estate, and that the title was made to appear in him for the purpose of defrauding the creditors of Luther M. Fairbanks. The bill made certain mortgagees defendants, alleging that the liens of the mortgages executed to them by William D. Fairbanks were not liens on the premises as against complainant and were subordinate to his rights. The bill prayed that Luther M. Fairbanks be decreed to be the owner of the real estate and the title to be in him, and that complainant be authorized to proceed against the said real estate for satisfaction of his judgment. Luther M. Fairbanks was defaulted. William D. Fairbanks answered denying the allegations of the bill, and alleging that he paid the entire consideration for the real estate, and that the legal and equitable title thereto was in him. A mortgagee answered and filed a cross-bill to foreclose her mortgage. The cause was heard by the court, and a decree was entered finding that the allegations of the original bill relating to the judgments, the issue and return of an execution and the issue and levy of an *alias* execution were true; that the record title to the real estate was in the

defendant William D. Fairbanks but that in equity it was owned jointly by William D. Fairbanks and Luther M. Fairbanks, each owning an undivided one-half interest. The court, by the decree, further found that the real estate was subject to the mortgage described in the cross-bill; that the complainant in the original bill had a lien on the undivided one-half interest of the real estate owned by Luther M. Fairbanks, subject only to the prior lien of said mortgage, and that complainant was entitled to have said undivided one-half interest of Luther M. Fairbanks sold in satisfaction of his judgment. The decree provided for foreclosure of the mortgage and a sale, and it was ordered and decreed that defendant have leave to proceed with his levy and sale under the execution and that he have a right to redeem from any sale made under the mortgage. The defendants, Luther M. Fairbanks and William D. Fairbanks, prayed and perfected an appeal from that decree to this court.

The appeal will be dismissed. A bill in aid of an execution for the purpose of subjecting real estate to the lien of a judgment and satisfying the execution does not involve a freehold. One party will not necessarily gain and the other lose a freehold estate as the result of the suit, and the only question relating to the title is whether the land is subject to the lien asserted by the complainant. (*Hupp* v. *Hupp,* 153 Ill. 490; *Moshier* v. *Reynolds,* 155 id. 72; *Pringle* v. *James,* 185 id. 274; *First Nat. Bank* v. *Vest,* 187 id. 389.) This suit is not a contest over the title of the land by William D. Fairbanks, the holder of the record title, and Luther M. Fairbanks or the complainant. The bill did not assert title in the complainant or attempt to obtain a transfer of title from the defendants, or either of them, but sought to subject the lands to the lien of the complainant's judgment on the ground that Luther M. Fairbanks was in equity the owner of the premises and complainant was entitled to have satisfaction of his judgment out of them. If the decree establishing the lien against an undivided one-half of the

real estate should be enforced it will not necessarily result in William D. Fairbanks losing or any one else gaining a freehold estate. Either William D. Fairbanks or Luther M. Fairbanks can pay the judgment and relieve the lands from the lien or either may redeem after a sale. The effect of the decree is not to recover a freehold estate or transfer such an estate, and the freehold can only pass by a sale of the land on execution, a failure to redeem and the making and delivery of a deed by the sheriff. The court could not establish the lien without determining that Luther M. Fairbanks had some title or interest in the real estate which was subject to the lien, but that was only incidental to the purpose of the suit. It makes no difference on the question whether the freehold is involved, whether the conveyance to William D. Fairbanks was made by Luther M. Fairbanks or by Crosby. A conveyance by a debtor which is void as against a creditor under the Statute of Frauds may be set aside, but that is not the only form of a creditor's bill to subject property to the lien of a judgment. Any property not exempt from execution in which a judgment debtor has a property right or equitable interest may be reached by a creditor's bill. The question, in either case, is whether the property is subject to the lien. If it appears from an examination of the record in a cause that an appeal should have been taken to the Appellate Court this court will take notice of the question of jurisdiction and dismiss the appeal of its own motion. (*Wright* v. *People,* 92 Ill. 596; *City of Virginia* v. *Gipps Brewing Co.* 136 id. 616.) In such case it makes no difference whether a motion to dismiss has been made or not or what action was taken upon the motion.

The appeal is dismissed.  *Appeal dismissed.*