(No. 22529.—

THEODORE H. SCHRADER *et al.* Appellees, *vs.* EMMA SCHRADER *et al.* Appellants.

*Opinion filed October 22, 1934.*

J. FRED GILSTER, for appellants.

E. H. WEGENER, for appellees.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

In the circuit court of Randolph county Theodore H. Schrader, Ed J. Schrader and Otillie Brelge filed a bill against Emma Schrader, Emma Schrader as administra-

trix of the estate of Oscar H. Schrader, deceased, Bernice Schrader and Viola Schrader, for the partition of certain real estate. The bill alleged that Julius Schrader died testate seized in fee simple of the premises, leaving the complainants and Oscar H. Schrader, his children, and Sophia Schrader, his widow, his only heirs-at-law; that decedent's last will gave a life estate to the widow, legacies of $2000 to Oscar H. Schrader and $1000 each to Theodore H. Schrader and Otillie Brelge, and remainder, if any, to the heirs of E. J. Schrader, Otillie Brelge, Oscar H. Schrader and Theodore H. Schrader; that Sophia Schrader and Oscar H. Schrader died after the death of Julius Schrader; that Oscar H. Schrader left surviving him Emma Schrader, his widow, and Bernice and Viola Schrader, his children and only heirs-at-law; that Emma Schrader is administratrix of the estate of Oscar H. Schrader; that Oscar H. and Emma Schrader executed a promissory note to Mrs. Julius Schrader for $3200, on which there was a balance due of $1700; that said note was endorsed by the payee and delivered to Theodore H. Schrader and had been filed in the estate of Oscar H. Schrader as a claim against his uninventoried interest in the estate of Julius Schrader; that subject to the payment of the legacies, Emma Schrader, widow of Oscar H. Schrader, is entitled to dower in the undivided one-fourth of the premises; that complainants are each entitled to an undivided one-fourth, and that, subject to said dower, Bernice and Viola Schrader are each entitled to an undivided one-eighth thereof; that complainants are each entitled to one-fourth and Bernice and Viola Schrader to one-eighth of the amount due on said note, to be paid out of Oscar H. Schrader's interest in his father's estate.

Defendants answered, denying that the bill correctly set forth the interests in the real estate and denying that Emma Schrader has a dower interest therein. Pursuant to leave granted, an amended bill was filed eliminating all

reference to dower and the promissory note but otherwise alleging the same facts and interests as the original bill. After leave was granted to file the amended bill, but prior to its filing, defendants filed a cross-bill. As later amended, it alleged that Oscar H. Schrader in his lifetime was indebted in about the sum of $6000, and that Theodore H. Schrader signed his promissory notes to that amount as security, receiving from Oscar H. Schrader a chattel mortgage on a stock of general merchandise to protect him; that subsequent to the death of Oscar H. Schrader, Theodore H. Schrader foreclosed the chattel mortgage and bought the stock of goods at foreclosure sale for $6000, but made no report to the administratrix or the heirs-at-law of decedent, as required by statute, of the names of the purchasers, the purchase price or the articles sold, and that he has never paid the purchase price to the administratix nor has he paid any of the creditors of Oscar H. Schrader. The prayer of the amended cross-bill was that Theodore H. Schrader be ordered to pay to the administratix the sum of $6000, and that a lien be decreed on his interest in the real estate and on said merchandise. The court sustained a demurrer to the amended cross-bill and it was dismissed for want of equity. The answer to the amended bill admits the interests are correctly set forth therein. After an order of reference and a report of the master in chancery, a decree was entered for partition of the premises as prayed in the amended bill of complaint. Defendants to the original bill have prosecuted an appeal to this court.

Appellants do not claim the chancellor did not correctly find their interests in the land. The only error assigned for reversal is that the court erred in sustaining the demurrer and in dismissing the amended cross-bill. The issues raised by the cross-bill relate only to a matter of accounting between the parties. It in no way involves a freehold. A freehold was involved in the original litigation in which the decree was rendered, yet no objection

was made to that part of the decree which fixed the freehold rights. An appeal that brings up another part of the same decree having no relation to the question of a freehold does not lie to bring the record directly from the circuit to the Supreme Court. The fact that a freehold has been involved in a suit does not determine the question of jurisdiction upon appeal. The freehold must not only be involved in the original decree but also in the questions to be determined on the appeal in order that this court may have jurisdiction. (*Miller* v. *Kensil,* 223 Ill. 201; *Rhodes* v. *Rhodes,* 172 id. 187; *Moore* v. *Williams,* 132 id. 591; *Walker* v. *Pritchard,* 121 id. 221.) The appeal should have been taken to the Appellate Court. *Becker* v. *Fink,* 273 Ill. 560; *Miller* v. *Rich,* 231 id. 416.

The cause is therefore transferred to the Appellate Court for the Fourth District.

*Cause transferred.*