(No. 22770.—)

MARTIN CARNEY, Appellant, *vs.* ANNA QUINN, Appellee.

*Opinion filed December 20, 1934.*

PATRICK T. HARRINGTON, for appellant.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The will of Nellie Kelly, deceased, was probated and admitted to record in the probate court of Cook county by an order entered on January 6, 1933. From this order Martin Carney prayed an appeal to the circuit court of Cook county on January 23, 1933. On July 10, 1934, an order was entered in the circuit court admitting the will to probate and dismissing the appeal. Two days later an attorney for appellant filed a petition and affidavits in support of his motion to vacate the *ex parte* order. Upon the denial of this motion an appeal was prayed to this court on the theory that a freehold is involved.

As will be seen by the foregoing recital, no questions are now raised which give this court jurisdiction on direct appeal. Even though a freehold may be involved under the provisions of the will, it is not before us in this proceeding. In the briefs the only question raised is as to the propriety of the order of the circuit court in entering a default judgment and refusing to set it aside on the showing of diligence made by the appellant. The abstract consists of only twelve pages and fails to include even a copy of the will, the probate of which was questioned in the appeal to the circuit court. The question raised does not go to the merits but is only a question of practice. When questions of practice, only, are raised, the appeal must be taken to the Appellate Court. (*Miller* v. *Kensil,* 223 Ill. 201; *People* v. *Rodenberg,* 259 id. 78; *Coal Creek Drainage District* v. *Sanitary District,* 328 id. 360.) If a freehold is involved in the original judgment or decree but not in the point assigned for error, the appeal should be taken to the Appellate Court. (*Hajicek* v. *Goldsby,* 309 Ill. 372.) It is well settled that where jurisdiction of this court is lacking it cannot be conferred by stipulation of the parties or their attorneys to bring the case here.

The cause is accordingly transferred to the Appellate Court for the First District.
 *Cause transferred.*