(No. 23451.— )
CECELIA McGRATH, Appellee, *vs.* RAYMOND DUNNE,
Appellant.

*Opinion filed June 10, 1936.*

ARNOLD D. McMAHON, for appellant.

FLYNN & LYON, (GEORGE W. LYON, of counsel,) for
appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of
the court:

This cause is before us on direct appeal from a decree
for partition entered in the superior court of Cook county.
The record shows the complaint alleged the ownership of
the premises, the subject matter of the litigation, in fee
simple equally, share and share alike, by the plaintiff, Ce-
celia McGrath, and the defendant, Raymond Dunne, sub-
ject to the lien of a trust deed securing a note for the prin-
cipal sum of $4000, beneficially owned by the John Han-
cock Mutual Life Insurance Company. These facts were
also stipulated by the parties on the hearing before the
master and were so found in the master's report and in the

decree. There is therefore no question before us for decision respecting the ownership of the fee to the premises. The only controverted matters relate to an accounting between the owners as to the rents of the premises received by the plaintiff, the amounts contributed by each of the owners toward the payment of taxes, special assessments, interest, principal payments on the incumbrance and the allowance of attorney's fees to the plaintiff. The decree of the trial court in express terms reserved these issues for future consideration and retained jurisdiction of the cause for that purpose. The defendant, Raymond Dunne, also here attacks the form of decree in so far as it relates to the trust deed and the failure of the trial court to find the amount due thereon.

The appellee has raised the question of the right of the appellant to a review in this court of the questions presented by this appeal. The appellant does not challenge the findings of the chancellor as to the ownership interests of the parties in the real estate.

The questions submitted for review do not directly involve a freehold although a freehold was involved in the litigation before the chancellor. In order that this court may have jurisdiction on direct appeal from the trial court a freehold must be involved not only in the original proceeding but also in the issues to be settled on review by this court. (Ill. State Bar Stat. 1935, chap. 110, sec. 75, p. 2448; *Schrader* v. *Schrader,* 357 Ill. 623; *Cheney* v. *Teese,* 113 id. 444; *Malaer* v. *Hudgens,* 130 id. 225.) The appeal should have been taken to the Appellate Court. *Kagy* v. *Luke,* 357 Ill. 512; *Carney* v. *Quinn,* 358 id. 446.

The cause is therefore ordered transferred to the Appellate Court for the First District. *Cause transferred.*