(No. 23831.—

CURTIS J. HOOPER, Appellant, *vs.* THE WABASH AUTOMO-TIVE CORPORATION *et al.* Appellees.

*Opinion filed December 10, 1936.*

EDWIN HAMILTON, for appellant.

GEORGE GILLETTE, CHARLES F. GRIMES, ELMER M. LEESMAN, and ROBERT F. MUNSELL, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a direct appeal to this court from an order of the superior court of Cook county vacating a judgment in favor of plaintiff, Curtis Hooper, on motion of defendants, the Wabash Automotive Corporation and others. The judgment was entered in an ejectment suit.

The only question presented on this appeal is whether or not the motion to vacate sufficiently complies with the terms of section 72 of the Civil Practice act. This is a question of procedure. A freehold is not involved, because the only effect of vacating the judgment is to leave the cause for trial with the issues undetermined. A freehold is involved only where the necessary result of the judgment or decree is that one party gains and the other loses a freehold or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Becker* v. *Fink,* 273 Ill. 560.) Neither party gained or lost a freehold by the order vacating the judgment, and the issue on the sufficiency of the motion did not involve any question of freehold. Even if a freehold is involved in the original judgment or decree but not in the point assigned for error the appeal should be taken to the Appellate Court. *Carney* v. *Quinn,* 358 Ill. 446; *McGrath* v. *Dunne,* 363 id. 549; *Hajicek* v. *Goldsby,* 309 id. 372.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*