(No. 23790.—

MILDRED R. WAINWRIGHT, Appellant, *vs.* LEE McDON-
OUGH *et al.* Appellees.

*Opinion filed December 10, 1936.*

GERALD C. SNYDER, (LEWIS D. CLARKE, of counsel,) for appellant.

GEORGE GILLETTE, CHARLES F. GRIMES, and RUNYARD & BEHANNA, for appellee Sophia L. McDonough.

Mr. JUSTICE JONES delivered the opinion of the court:

A bill of complaint was filed by Mildred Wainwright in the circuit court of Lake county. It alleged that she is the owner of a portion of a lot in the city of Waukegan and that there are certain conveyances of record which constitute a cloud upon her title. The prayer of the bill is that these clouds be removed and that an accounting be had for the use and occupation of the premises. The court dismissed the bill for want of prosecution. The complainant filed a written motion to vacate that order, and the court denied the motion. An appeal was taken from the last mentioned order to this court.

The question of whether the court erred in denying the motion does not directly involve a freehold although a freehold was involved in the litigation before the chancellor. In order that this court may have jurisdiction upon direct appeal from the trial court a freehold must be involved not only in the original proceeding but also in the issues to be settled on review by this court. The fact that a freehold has been involved in the suit does not determine the question of jurisdiction upon such an appeal. If a freehold is involved in the original judgment or decree but not in the point assigned for error the appeal should be taken to the Appellate Court. (*McGrath* v. *Dunne*, 363 Ill. 549; *Carney* v. *Quinn*, 358 id. 446; *Schrader* v. *Schrader*, 357 id. 623; *Wylie* v. *O'Connor*, 363 id. 615.) When it appears that this court is without jurisdiction it is our duty to decline to proceed in the cause. *Bennett* v. *Bennett*, 318 Ill. 193.

A freehold is not here involved, and the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*