(No. 25881.-▮▮▮▮▮)

S. K. FLANAGAN *et al.* Appellants, *vs.* W. W. WILSON *et al.* Appellees.

*Opinion filed December 16, 1940.*

SMITH & MURRAY, and WILLIAM C. STEPHENS, for appellants.

CURTIS WILLIAMS, and ALVIN LACY WILLIAMS, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

April 23, 1920, appellants Samuel K. Flanagan and other co-tenants mortgaged eighty acres of land located in Jefferson county to appellees the school trustees, to secure the

payment of $1000 due in five years, with interest at six per cent per annum. The debt was not paid when due and a foreclosure suit was instituted. July 16, 1931, a decree of foreclosure was entered which fixed the amount due and directed the mortgagors to pay within ten days. Default was made in the payment, and, pursuant to directions contained in the decree, the master in chancery advertised the property for sale and on August 24, 1931, sold it to the school trustees, their bid being the amount of the debt, interest and costs. After the expiration of fifteen months allowed by the decree for redemption the master in chancery executed a deed conveying the property to the school trustees and they went into possession of the same.

In 1939, the appellants, including the survivors of the original mortgagors and the heirs-at-law of those who have died since the giving of the mortgage, filed this suit attacking the validity of the sale, the certificate of purchase and the deed of the master in chancery. The basis of the charge was that the mortgage, being dated in 1920, the foreclosure and redemption was subject to the 1917 amendatory provisions (Laws of 1917, p. 558) of the Judgments act, the effect of which was to provide that no sale should be made until after the period of redemption. Appellants prayed that all the proceedings in connection with the sale be declared void in so far as they attempted to operate as a conveyance of the legal or equitable title, and that the master in chancery's deed made pursuant to the decree be canceled as a cloud on appellants' title. After a motion to strike had been sustained, appellants amended their complaint by alleging they were ready and willing at any time to pay the trustees of schools such amount as might be found to be due and owing under the terms of the mortgage and that they stood ready to do equity to the defendants in whatever manner the court should order and direct. Appellees' answer admitted substantially all the allegations of the complaint and accepted the offer of appellants to do equity and stated the amount that would be necessary to satisfy the indebtedness.

The material facts were stipulated and a decree was entered, the ordering part of which directed (a) that the decree of foreclosure entered July 16, 1931, was void and of no effect in so far as it attempted to order a sale of the mortgaged premises subject to an equity of redemption, (b) that the sale, certificate of sale and the master's deed were void and ineffective to convey title to the mortgaged premises in so far as having the defendants barred of the equity of redemption, and (c) that appellants should pay to appellee within ninety days $1368.25 with interest and certain costs incurred in the original foreclosure suit. If payment was made as directed the mortgage would be canceled and discharged and the lien of the mortgage and the master's deed removed as a cloud on the title of appellants. The decree provided that in the event payment was not made within the time stated appellants should be forever barred and cut off of any right, title or interest in the mortgaged premises including any or all rights of redemption therein.

Appellants filed a notice of appeal limiting it to that part of the decree which directed they had a right of redemption and that they should pay redemption money. No appeal or cross-appeal was taken from the part of the decree which held the sale and master's deed to be void.

It is obvious that the part of the decree which disposed of the freehold is not before the court on this appeal. The decree having declared the foreclosure decree and master's deed void, the title remained in the mortgagors the same as it was before the decree was entered. The points urged for reversal present the question whether or not appellants should be required to pay as directed by the decree.

The question thus submitted does not directly involve a freehold although a freehold was involved in the litigation before the chancellor. In order that this court may have jurisdiction on direct appeal from the trial court, a freehold must be involved not only in the original proceedings but also in the issues to be settled on review by this court. (*Wainwright* v. *McDonough*, 364 Ill. 626; *Carney* v. *Quinn*,

358 id. 446; *Schrader* v. *Schrader*, 357 id. 623.) The appeal should have been taken to the Appellate Court. (*Kagy* v. *Luke*, 357 Ill. 512.) When it appears that this court is without jurisdiction it is the duty of the court to decline to proceed in the cause. *Bennett* v. *Bennett*, 318 Ill. 193.

The cause is, therefore, ordered transferred to the Appellate Court for the Fourth District.

*Cause transferred.*