(No. 26564.— )

RICHARD W. FREY *et al.* Appellants, *vs.* LOUIS SCHAAB *et al.* Appellees.

*Opinion filed March 17, 1942.*

EAGLE & EAGLE, for appellants.

STAFFORD & SCHOEDE, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellants, Richard W. Frey and Lucile Frey, filed a complaint in equity in the circuit court of Rock Island county against Louis Schaab, alleging in substance that defendant had promised he would leave all of his real and personal property to the plaintiffs, if the latter would come and live with him and make a home as long as defendant lived. Schaab was an old man and his wife was deceased. The complaint also alleges that plaintiffs resided in New York, and came to the home of the defendant, and had performed every agreement by doing the necessary work to make the home comfortable for defendant, and that the latter, without cause, served a notice upon them to vacate the premises, and filed suit before a justice of the peace for possession. The plaintiffs alleged they were ready and willing to continue to perform their part of the contract,

but that defendant threatened to sell or encumber his real estate and dispose of his personal property.

The complaint prays that the court find the agreement was made and carried out by plaintiffs; that defendant be restrained from encumbering, conveying or transferring any of his property, or from bringing any action to deprive plaintiffs of their possession of the real estate; that a competent person be appointed as trustee for the real and personal property of Schaab, and that he be decreed to have a life estate therein subject to the rights of plaintiffs, and that plaintiffs be decreed to be entitled to the remainder interest in the property, and that defendant be required to account for all personal property he owned prior to the date of the alleged agreement. A temporary injunction was issued restraining Schaab and Richard D. Pollard, a justice of the peace, who is also an appellee herein, from proceeding with the forcible entry and detainer action.

Appellee Schaab filed a motion in the nature of a demurrer to the complaint because it stated no ground for equitable relief, and that the plaintiffs had an adequate remedy at law. Plaintiffs made a motion to strike defendant's motion, which was overruled, and July 15, 1941, defendant's motion, in the nature of a demurrer, was allowed by the court and the temporary injunction dissolved and the complaint stricken. July 21, 1941, a motion for leave to file an amended complaint was made, and the only change was an amplification of the complaint in that it set out more evidentiary matters than in the original complaint. October 14, 1941, motion for leave to file an amended complaint was denied and a decree entered that the defendants Louis Schaab and Richard D. Pollard recover costs from the plaintiffs.

October 14, 1941, appellants filed a notice to appeal from the finding and decree entered July 15, 1941, striking the complaint, and from the decree of October 14, 1941, denying leave to file an amended complaint. The

errors assigned by appellants are: (a) denying their motion to strike the motion in the nature of a demurrer; (b) dissolving the temporary injunction; (c) striking appellants' original complaint; (d) denying leave to file an amended complaint.

It is apparent we have no jurisdiction of the appeal as no freehold is involved in any issue raised in this court. In *Wainwright* v. *McDonough,* 364 Ill. 626, we held that for the Supreme Court to have jurisdiction on direct appeal from the trial court, a freehold must be involved not only in the original proceeding, but also in the issues to be settled on review by this court. To the same effect are *Gits* v. *Ullrich,* 288 Ill. 527, and *Kesner* v. *Miesch,* 204 id. 320. In *Payne* v. *White,* 207 Ill. 562, a suit was brought by the owner of land, who had agreed to convey it at death in consideration of support, to cancel the contract for non-performance as a cloud upon his freehold. In holding that this court did not have jurisdiction we said: "In this case the alleged cloud did not purport to convey the fee which was in complainant Payne. He is not seeking to recover a freehold estate or to set aside an instrument purporting to convey it. No specified time is named in the agreement when the property shall be conveyed, and defendants are not seeking any conveyance or asking any relief, although they insist that they performed their contract up to the time of filing the bill. The contract is a conditional one. If it should be set aside the freehold would remain where it is, and, on the other hand, if it should be held valid and binding the defendants would only become entitled to a conveyance upon performance on their part." The principle in that case is applicable. The grounds of appeal all involve matters of procedure, which do not bring in issue a freehold, or any other matter giving us jurisdiction.

The cause is transferred to the Appellate Court for the Second District. *Cause transferred.*