(No. 28304.— )

EVERETT SIMPSON, Appellant, *vs.* HAZEL HARRISON, Appellee.

*Opinion filed March 21, 1945.*

EVERETT SIMPSON, of Chicago, *pro se*.

EARL J. NEAL, and B. G. CLANTON, both of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Everett Simpson, filed an amended complaint in the circuit court of Cook county against the defendant, Hazel Harrison, seeking specific performance of an oral agreement to convey to him an undivided one-half interest in an improved parcel of real estate in Chicago, and for other relief. Defendant answered, denying the material allegations of the complaint. Upon defendant's motion, the cause was referred to a special commissioner for the purpose of taking proofs and making findings of fact and recommendations of law. Plaintiff's motion to vacate the order of reference was denied. Plaintiff did not attend the hearing conducted by the commissioner and, according to the commissioner's report, refused to appear to give evidence. Defendant, a nonresident, appeared and evidence was adduced in her behalf. By his report, the commissioner recommended that plaintiff's complaint be dismissed, with prejudice. Objections interposed to the report, challenging the power or authority of the special commissioner to act in the cause or to render a report, were ordered to stand as exceptions. The chancellor approved the report of the commissioner, adjudged that plaintiff's complaint be dismissed, with prejudice, for want of prosecution, and assessed the costs of the proceedings against him. Jurisdiction to fix the fees of the special commissioner and tax them as costs was reserved. Thereafter, the commissioner's fees were approved. Plaintiff prosecutes

a direct appeal, apparently on the assumption that a freehold or the validity of a statute or a construction of the constitution is involved, within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1943, chap. 110, par. 199.

An action for specific performance of a contract to convey real estate involves a freehold. (*Espadron* v. *Davis*, 385 Ill. 304; *Faulkner* v. *Black*, 378 Ill. 112.) A freehold is necessarily involved whether the relief sought be granted or the complaint dismissed. (*Jones* v. *Dove*, 382 Ill. 445; *Herrick* v. *Lain*, 375 Ill. 569.) Here, the complaint itself and the issue raised by plaintiff's pleading and defendant's answer involved a freehold. The fact, however, that a freehold has been involved in an action is not decisive of the question of our jurisdiction upon a direct appeal. The freehold must not only be involved, in the original judgment or decree but, also, in the issues to be settled on the appeal, in order to give this court jurisdiction. (*Browning* v. *Browning*, 379 Ill. 29; *Frey* v. *Schaab*, 379 Ill. 315; *Hooper* v. *Wabash Automotive Corp.* 365 Ill. 30; *Fyffe* v. *Fyffe*, 364 Ill. 281; *Wainwright* v. *McDonough*, 364 Ill. 626; *McGrath* v. *Dunne*, 363 Ill. 549; *Schrader* v. *Schrader*, 357 Ill. 623; *McBeath* v. *McBeath*, 334 Ill. 40; *Miller* v. *Kensil*, 223 Ill. 201.) The errors relied upon for a reversal are that the order of reference to a special commissioner was based upon a statute which had been previously repealed; that plaintiff's motion to vacate the order of reference should have been allowed; that the commissioner's report should have been disapproved, and that the taxation of costs against plaintiff was improper. No one of the errors urged by plaintiff presents a question involving a freehold. The gist of his contentions, with the single exception of the one relating to the fees awarded the special commissioner, is that the order of reference was predicated upon a statute authorizing

"the court, upon default, or upon issue joined, to refer the cause to a special commissioner, to take and report evidence, with or without his conclusions thereon," (Ill. Rev. Stat. 1933, chap. 22, par. 39,) and that the quoted provision was repealed by the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 218,) effective January 1, 1934. To support his contention, plaintiff argues that section 61 of the Civil Practice Act has superseded the repealed act. Section 61, so far as relevant, ordains: "Subject to rules, the court may in any chancery action, or in any action at law in which matters of account are in controversy, on default or upon issue joined, refer the cause to a master or referee to take testimony and report his conclusions thereon." Section 5 of the act concerning masters in chancery, (Ill. Rev. Stat. 1943, chap. 90, par. 5,) it is urged, provides only for a reference to a special master and then only under certain conditions. In short, plaintiff's principal contention is that statutory authority for a reference to a special commissioner is wanting and that, consequently, the order of reference, over his objection, was void. This issue presents an issue of practice and procedure,—not a question involving a freehold.

Neither the validity of a statute nor a construction of the constitution was involved in the issues presented for decision in the circuit court. Plaintiff has never contended that any statutory provision violates either the Federal or State constitution in any respect. His contention that statutory authority for the order of reference to a special commissioner was wanting does not present for decision the validity of a statute or the construction of the constitution. (*Gordon* v. *Bauer,* 373 Ill. 357; *Lewis* v. *West Side Trust and Savings Bank,* 373 Ill. 245; *People, for use of Shepherd,* v. *Prpich,* 368 Ill. 169.) All of the issues presented relate to the validity of the decree rendered. It is elementary that the mere correctness of a decision does not

raise a constitutional question, within the contemplation of the Civil Practice Act. *In re Estate of Paus,* 385 Ill. 550.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*