(No. 29260.—

PAMBOUK HACHADOURIAN *et al.,* Appellees, *vs.* DICK BOGOSIAN *et al.,* Appellants.

*Opinion filed March 20, 1946*

HAROLD J. BANDY, of East St. Louis, for appellants.

HAROLD BALTZ, of Belleville, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Pambouk Hachadourian, Louisig and Bill Saferian, Mariam and John Tatorian, filed their amended complaint in the circuit court of St. Clair county against the defendants Dick Bogosian, Susie Bogosian, and Dick Bogosian as administrator of the estate of Almast Bogosian, deceased. Other defendants were later dismissed. The gist of plaintiffs' amended complaint is that a warranty deed purporting to convey to defendant Dick Bogosian title to two tracts of improved real estate in East St. Louis was procured by fraud. Plaintiffs seek cancellation of the deed and its removal as a cloud upon their title. Answering, defendants denied the material allegations of the complaint. The master in chancery, to whom the cause was referred, found the issues in favor of plaintiffs. The master specifically found that no part of the consideration for the deed had at any time been paid to or received by plaintiffs; that title to the real estate was procured by fraud and subterfuge, and that the signatures, by mark, of John and Mariam Tatorian, appearing on the deed, constituted forgeries. May 25, 1945, a decree, entered in substantial conformity with the findings and recommendations of the master, ordered defendant, Dick Bogosian, to pay to plaintiffs within thirty days the sum of $2800, with interest from November 5, 1937. Upon failure so to do, it was adjudged that the deed be cancelled and set aside as a cloud upon their title and, further, that a fee-simple title to the premises in controversy be confirmed in plaintiffs, Pambouk Hachadourian, Louisig Saferian and Mariam Tatorian. July 12, 1945, a supplemental decree was entered reciting the failure of Bogosian to pay, as commanded, cancelling the deed as a cloud upon the title of plaintiffs, and confirming in the three named plaintiffs fee-simple title to the property. Defendants appeal from the decree of May 25, 1945, apparently on the assumption that a freehold is involved.

The sole question requiring consideration is whether the cause is properly before this court on direct appeal. A freehold is not involved so as to afford jurisdiction on direct appeal unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or the title to a freehold is so put in issue that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. (*Elmore Real Estate Improvement Co.* v. *Olson,* 392 Ill. 46; *Browning* v. *Browning,* 379 Ill. 29; *Wright* v. *Logan,* 364 Ill. 33.) For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. (*Cohen* v. *Oguss,* 384 Ill. 353; *Swinson* v. *Sodaman,* 369 Ill. 442.) Here, the pleadings made an issue involving a freehold. The fact, however, that a freehold has been involved in an action is not decisive. The freehold must not only be involved in the original judgment or decree but, also, in the issues to be settled on the appeal, in order to give this court jurisdiction. (*Simpson* v. *Harrison,* 389 Ill. 588.) Here, the challenged decree ordered a conveyance of the real estate only if defendant Dick Bogosian failed to pay to the named plaintiffs a specified sum of money within a prescribed time. On the other hand, complete satisfaction of the decree could have been effected by payment of the money within the time designated. The gain or loss of a freehold is not the necessary result of the decree rendered but is dependent upon the subsequent act or inaction of the named defendant. *Harper* v. *Sallee,* 372 Ill. 199; *Swinson* v. *Sodaman,* 369 Ill. 442.

The cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*