(No. 30090.—)

Dr. O. A. Rawlins, Appellee, vs. Anna R. Bogusiewicz *et al.*, Appellants.

*Opinion filed September 18, 1947.*

Harry A. Biossat, of Chicago, for appellants.

Stevens & Stevens, (George M. Stevens, of counsel,) both of Chicago, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county, denying the petition of appellants to vacate a decree for specific performance entered in the cause on December 3, 1945.

Appellee originated the proceedings by filing a complaint for specific performance of a written contract for the exchange of certain Chicago real estate owned by appellants for a farm property near Portage, Wisconsin, together with certain personal property located thereon, owned by appellee. After hearing, a decree for specific performance was entered on December 3, 1945, which directed the parties to execute and deliver appropriate deeds, and in addition directed appellee to execute and deliver a bill of sale

for the personal property described in the contract. No appeal is, or was, taken from this decree. On December 20, 1945, appellants filed a petition requesting the court to vacate the decree of December 3, 1945, on the grounds that (1) appellee had permitted his agent to deal with the personal property in such a manner as to commit fraud on appellants and the court; and (2) that appellee had not come into equity with clean hands. Appellee filed his answer and a hearing was had before a master in chancery, which resulted in the circuit court's denial of appellants' petition. Appellants appeal directly to this court from the order denying the petition on the theory that a freehold is involved within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1945, chap. 110, par. 199.

It is true that an action for specific performance of a contract to convey real estate involves a freehold, (*Simpson* v. *Harrison,* 389 Ill. 588; *Espadron* v. *Davis,* 385 Ill. 304; *Faulkner* v. *Black,* 378 Ill. 112,) whether the relief sought be granted or the complaint dismissed. (*Jones* v. *Dove,* 382 Ill. 445; *Herrick* v. *Lain,* 375 Ill. 569.) It cannot be disputed that a freehold was involved in the issues raised by appellee's complaint and appellants' answer, and in the resulting decree of December 3, 1945. However, this of itself is not sufficient to invest this court with jurisdiction upon a direct appeal. The freehold must not only be involved in the original judgment or decree but, also, in the issues to be settled on appeal, to give this court jurisdiction. *Hachadourian* v. *Bogosian,* 393 Ill. 135; *Simpson* v. *Harrison,* 389 Ill. 588.

The only question involved in this appeal is whether or not the court erred in denying the petition to vacate the decree of December 3, 1945. The effect of vacating the decree would be to leave the cause for trial with the issues undetermined, and neither party would thus gain or lose a freehold, even though a freehold was involved in the original proceeding. (*McGovern* v. *McGovern,* 390

Ill. 516; *Hooper* v. *Wabash Automotive Corp.* 365 Ill. 30; *Wainwright* v. *McDonough,* 364 Ill. 626.) There is then no freehold involved in the issues to be settled on this appeal.

In a case such as the one before us, the appeal should be taken to the Appellate Court. (*Wainwright* v. *McDonough,* 364 Ill. 626; *McGrath* v. *Dunne,* 363 Ill. 549; *Carney* v. *Quinn,* 358 Ill. 446.) This cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*