(No. 31446.—

DAVID LAKIN, Appellant, *vs.* OLIVE WOOD *et al.,* Appellees.

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

GEORGE J. MORAN, of Granite City, for appellant.

WHITNEL & WALKER, of East St. Louis, (RICHARD W. STERLING, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison County vacating a decree entered August 17, 1945, for specific performance of an alleged contract to convey real estate.

Appellant, David Lakin, plaintiff in the lower court, filed his complaint in the circuit court of Madison County for specific performance of a contract alleged to have been entered into between J. M. Bridges, father of the defendant, Olive Wood, and himself, wherein Bridges is purported to have loaned money to the plaintiff for the purchase of three improved lots. Title to the lots was taken by deed in the name of Bridges. The complaint further alleged that Bridges collected the rents, and in accordance with the agreement should have applied them to the debt owed him by the plaintiff. It further alleges that Bridges was paid in full during his lifetime, but, prior to his death, failed to convey the property to the plaintiff in accordance with the purported contract. The defendant, Olive Wood, daughter and sole heir-at-law of Bridges, was a nonresident of Illinois. An attempt was made to serve her with process by publication. No one appeared in her behalf, and a default was taken and a decree *in rem* entered in favor of the plaintiff, which directed the master in chancery to convey the real estate to the plaintiff. The record does not disclose whether or not this was done.

On April 6, 1949, the defendant, Olive Wood, filed a limited motion to vacate and expunge the decree entered on August 17, 1945, alleging that the service by publication was invalid for failure to comply with the statute.

Upon a hearing of the plaintiff's motion to dismiss the limited motion of the defendant, the court found in favor of the defendant and entered an order expunging the decree from the record. This appeal is taken from the expunging order.

An action for specific performance of a contract to convey real estate involves a freehold. (*Simpson* v. *Harrison*, 389 Ill. 588; *Espadron* v. *Davis*, 385 Ill. 304.) A freehold is necessarily involved whether the relief sought be granted or the complaint dismissed. (*Jones* v. *Dove*, 382 Ill. 445; *Herrick* v. *Lain*, 375 Ill. 569.) The fact, however, that a freehold has been involved in an action is not decisive of the question of our jurisdiction upon a direct appeal. The freehold must not only be involved in the original judgment or decree, but also in the issues to be settled on the appeal, in order to give this court jurisdiction. *Rawlins* v. *Bogusiewicz*, 397 Ill. 548; *Simpson* v. *Harrison*, 389 Ill. 588.

The only question involved in this appeal is whether or not the court erred in expunging the decree of August 17, 1945. The effect of vacating the decree leaves the question for trial with the issues undetermined, and neither party would thus gain or lose a freehold even though a freehold was involved in the original proceeding. (*Rawlins* v. *Bogusiewicz*, 397 Ill. 548; *McGovern* v. *McGovern*, 390 Ill. 516.) There is no freehold involved in the issues to be settled on this appeal.

The appeal should have been taken to the Appellate Court. (*Rawlins* v. *Bogusiewicz*, 397 Ill. 548; *Wainwright* v. *McDonough*, 364 Ill. 626.) This cause is therefore transferred to the Appellate Court for the Fourth District.

*Cause transferred.*