(No. 31556.—

Lydia M. Classen, Appellant, vs. Samuel M. Ripley, Appellee.

*Opinion filed November 27, 1950.*

Russell H. Classen, of Belleville, for appellant.

Turner, Holder & Ackermann, of Belleville, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Appellant, Lydia M. Classen, filed a complaint in the circuit court of St. Clair County to require appellee, Samuel M. Ripley, to specifically perform an alleged contract to sell certain real estate in that county. The complaint sets forth the alleged contract, consisting of a number of letters signed by an individual designated "Uncle Sam," alleged to be appellee, offering for a certain price certain land. It is claimed that the offer was accepted, although it is not specified whether such acceptance was oral or written, and that appellee never did convey, although it is alleged that money for the purchase price was tendered.

The complaint was filed January 12, 1949. February 21, 1949, the defendant appeared and made a motion to strike the complaint. March 7, 1949, the motion to strike was allowed and leave given the plaintiff to file an amended

complaint. May 6, 1949, a motion to dismiss was presented to the court, and July 18, 1949, the motion to dismiss was allowed and the cause dismissed for want of equity. August 16, 1949, a motion to vacate and set aside the order of dismissal and to file an amended complaint was filed, which was taken under advisement by the court. February 3, 1950, the court entered an order: "Now on this 3rd day of February A.D. 1950, it being one of the regular judicial days of this Court, plaintiff's motion to vacate or set aside decree or order of court entered July 18, 1949, presented and argued in open Court, * * * it is therefore ordered that the order entered on July 18, 1949, dismissing the complaint for want of equity shall stand and the motion to vacate or set aside said order is denied, and that the suit is hereby dismissed for want of equity and leave to file amended complaint denied."

Notice of appeal was made and served February 23, 1950, the appeal being taken from the order and judgment of February 3, 1950, denying plaintiff's motion to vacate or set aside the decree of the court entered July 18, 1949, and prayed that: (1) The order of February 3, 1950, be reversed; (2) that the Supreme Court enter judgment on the pleadings and order the defendant to specifically perform; and, in the alternative, (3) that the cause be remanded to the circuit court with directions to order a trial on the issues, as set down in the amended complaint attached to the motion to vacate.

No appeal was taken from the original order of July 18, 1949, dismissing the cause for want of equity. The issue comes to this court solely upon the question of whether the court erred in refusing to vacate said order and allow an amended complaint to be filed. That precise question arose in *Carney* v. *Quinn,* 358 Ill. 446. In that case a will was admitted to probate in the probate court and there was an appeal to the circuit court, where an order was entered admitting the will to probate. Two days after the order

probating 'the will had been entered in the circuit court a motion was filed to vacate such order, and upon denial of the motion the cause was appealed to the Supreme Court upon the theory that a freehold was involved. In that case we held that, although a freehold was involved under the original provision of the will, it was not before us in the proceedings, since the only question raised and argued was the propriety of the order of the circuit court in refusing to set aside the order, and we there said: "The question raised does not go to the merits but is only a question of practice. When questions of practice, only, are raised, the appeal must be taken to the Appellate Court. [Citations.] If a freehold is involved in the original judgment or decree but not in the point assigned for error, the appeal should be taken to the Appellate Court. (*Hajicek* v. *Goldsby,* 309 Ill. 372.)"

In *Schrader* v. *Schrader,* 357 Ill. 623, we said: "The fact that a freehold has been involved in a suit does not determine the question of jurisdiction upon appeal. The freehold must not only be involved in the original decree but also in the questions to be determined on the appeal in order that this court may have jurisdiction." In *Rabe* v. *Rabe,* 386 Ill. 600, we held that where a final decree is entered in a cause that settles the interest of parties, the party dissatisfied must appeal within the proper time from that order, and if he does not do so he may not raise the propriety of such order in a later proceeding in the case, from which an appeal was taken.

In the present case·the statement in the notice of appeal is "from the order and judgment of February 3, 1950," and the order of February 3, 1950, was a denial of the motion to vacate the order of July 18, 1949. The order of July 18, 1949, was a final appealable order since it dismissed the case for want of equity. The motion to vacate this order did not suspend the effect of it or its finality, unless or until it was actually vacated. (*Deibler* v. *Bernard*

*Bros., Inc.,* 385 Ill. 610.)  Rule 33 of this court refers to the form and contents of the notice of appeal, and provides: "(2) It shall specify and describe the order, determination, decision, judgment or decree which is being appealed from, and if the appeal is from a part thereof only, it shall specify which part."  No appeal has ever been taken from the order of July 18, 1949, since the specification contained in the notice is the action of the court in refusing to vacate it and permit amendments.

The matter presented to this court upon the record does not involve a freehold.  The only question involved is whether the court was correct in refusing to set aside and vacate its original order and decree, and to allow an amended complaint.  If the appellant should be sustained in his contention, the only order we could enter would be to reverse and remand with directions to permit the appellant to amend, and then have the trial court proceed in regular course.

It is apparent that no freehold is involved, although appellant has argued as though there were.  The question of judicial discretion alone being involved, the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*