(No. 31801.—

ARTHUR RONALD LAMBERT FIELD TREE, Appellant, *vs.*
ST. LUKE'S HOSPITAL *et al.*, Appellees.

*Opinion filed March 22, 1951.*

VERNON R. LOUCKS, of Chicago, (CHARLES O. LOUCKS, and JAMES L. HENRY, of counsel,) for appellant.

WILSON & MCILVAINE, MAYER, MEYER, AUSTRIAN & PLATT, RUSSELL W. ROOT, guardian *ad litem,* and HECTOR A. BROUILETT, guardian *ad litem,* all of Chicago, (CALVIN F. SELFRIDGE, SHERWOOD K. PLATT, FRANK D. MAYER, and G. E. HALE, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a suit in equity brought in the circuit court of Cook County by Arthur Ronald Lambert Field Tree, the appellant, seeking a construction of the will, and codicil thereto, of Lambert Tree, and asking that a trust created by the will be construed to violate the rule against perpetuities. Named as defendants were the trustees, other beneficiaries under the will, and the heirs of Lambert Tree. The court found that the will did not violate the rule against perpetuities and dismissed the complaint for want of equity. Appellant now seeks a direct review by this

court on the theory that a freehold is involved. Appellees, however, urge that we do not have jurisdiction of a direct appeal.

We see no reason to detail the pleadings or the proceedings at any length, as the errors assigned by the appellant are sufficiently self-explanatory to give the background necessary to this opinion. Those errors are: (1) It was error to deny appellant's motion to dismiss the case; (2) it was error for the court to proceed to a purported hearing to which Penelope Tree, a necessary party, was not made a party; (3) the trial judge erred in refusing to rule on a settlement agreement, and to either approve or disapprove the same, prior to a hearing of the case on the pleadings; and (4) it was error for the court in its decree to construe the will and trust as not violating the rule against perpetuities and at the same time dismiss the complaint for want of equity.

As may be seen from the foregoing recital, no questions are now raised which give this court jurisdiction on direct appeal. Even though a freehold may be involved in the provisions of the will, and was involved in the original decree, it is not before us on this appeal. Any contention that the assignments of error, particularly the fourth, directly involve a freehold, has been abandoned by appellant who states in his argument: "Since this case, in the Trial Court, never reached the point where the court had any legal right to rule upon or decide the issues set forth in the complaint as amended, the question of whether the will of Lambert Tree did or did not violate the rule against perpetuities never became, and is not here at this time, an issue in the case, and is, therefore, not discussed." The fact that a freehold has been involved in a suit does not determine the question of jurisdiction on direct appeal. If a freehold is involved in the original judgment or decree but not in the point assigned for error, the appeal should be taken to the Appellate Court. (*Lakin* v. *Wood,* 406 Ill.

595; *Kurzawski* v. *Malaga,* 402 Ill. 207; *Rawlins* v. *Bogusiewicz,* 397 Ill. 548.) Appellant has abandoned his sole ground for a direct appeal, leaving only procedural questions. When questions of practice, only, are raised, the appeal must be taken to the Appellate Court. *Carney* v. *Quinn,* 358 Ill. 446; *Coal Creek Drainage and Levee Dist.* v. *Sanitary Dist.* 328 Ill. 360.

A freehold is not here involved, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*