(No. 31894.

PETER DOMBROSKI, Appellee, *vs.* HENRY FRANCIS VALLELY *et al.*—(JULIA DOMBROSKI *et al.*, Appellants.).

*Opinion filed September 21, 1951.*

FRED B. BENNETT, of Woodstock, and ELLIS, HAMIL-TON & GEISTER, of Elgin, for appellants.

THEODORE L. HAMER, and WILLIAM M. CARROLL, JR., both of Woodstock, and RICHARD F. BABCOCK, of Chicago, for appellee.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

On March 21, 1941, appellee, Peter Dombroski, filed a complaint in the circuit court of McHenry County by which he sought to establish his ownership of certain real estate and to secure a deed therefor from one Marie Dee, who was the owner of record. Numerous persons were named as parties defendant but service of process was obtained only on Julia Dombroski and Marie Dee, the appellants in this court, and the others were dismissed from the action. June 6, 1941, a default order was entered against appellants. This was followed by a default decree entered June 30, 1941, which, based on the allegations of the complaint, directed Marie Dee to convey the premises to appellee within three days and empowered the master in chancery to execute the decree if she failed to do so. Just prior to the order of default, one Lumley, who appeared as attorney for "certain defendants" was granted ten days in which to file an answer. On June 11, 1941, an answer in appellants' behalf was in fact filed with the clerk of the court, but no mention of it was made in the default decree. Subsequently, on August 2, 1941, the default decree of June 30 was vacated on motion of the appellants.

The cause remained dormant on the docket for approximately nine years, until June 2, 1950, at which time appellants filed a motion to dismiss the cause for want of prose-

cution, or, in the alternative, that it be set for hearing on the merits. Within a few days, appellee filed a motion to expunge the vacating order of August 2, 1941, on the ground that such order was entered more than thirty days from the date of the decree and that the court was without jurisdiction to enter it. Appellee's motion also prayed the appointment of a special master to execute the decree of June 30. After a hearing the court entered an order denying appellants' motion but granting that of appellee. The order last mentioned is the order from which this direct appeal has been taken. The errors assigned by the appellants are: (1) that the court erred in denying their motion to dismiss the cause, or, in the alternative, to set the cause for hearing on the merits; (2) that the court erred in allowing appellee's motion to expunge the vacating order; (3) that it was error to appoint a special master to execute the decree of June 30, 1941, which had been vacated by the order of August 2, 1941; (4) that the court was without jurisdiction to expunge the vacating order.

It is apparent that we have no jurisdiction of the appeal, as no freehold is involved in any issue raised in this court. For this court to have jurisdiction on direct appeal from the trial court, a freehold must be involved not only in the original proceeding, but also in the issues to be settled on review in this court. (*Rawlins* v. *Bogusiewicz,* 397 Ill. 548; *Hachadourian* v. *Bogosian,* 393 Ill. 135; *Frey* v. *Schaab,* 379 Ill. 315.) The question as to whether it was error to deny the appellants' motion and grant appellee's motion and the question of the court's jurisdiction to entertain the latter motion do not directly involve a freehold even though a freehold was involved in the litigation before the chancellor. The issues raised in this appeal do not go to the merits of the parties' claims but are exclusively questions of practice. When questions of practice, only, are raised, the appeal must be taken to the Appellate Court. (*Classen* v. *Ripley,* 407 Ill. 350; *Carney* v. *Quinn,* 358 Ill. 446;

*Fread* v.. *Fread*, 165 Ill. 228.) If a freehold is involved in the original judgment or decree but not in the point assigned for error, the appeal should be taken to the Appellate Court. (*Wainwright* v. *McDonough*, 364 Ill. 626; *Hajicek* v. *Goldsby*, 309 Ill. 372.) When it appears that this court is without jurisdiction, it is our duty to decline to proceed in the cause.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*