(No. 32899.—

P. L. JONES, Appellant, *vs.* EARL S. HODGES, Appellee.

*Opinion filed November 18, 1953.*

H. B. TUNNELL, of Litchfield, for appellant.

NOLL, TRAYNOR & HENDRICKS, of Springfield, for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This appeal is a sequel to *Jones* v. *Robley,* 402 Ill. 302, and *Jones* v. *Hodges,* 347 Ill. App. 436, leave to appeal denied September 12, 1952.

In 1942, P. L. Jones filed a complaint in the circuit court of Macoupin County, seeking to set aside two deeds by which his wife, Dora Zelmer Jones, had purported to convey property located in Carlinville, Illinois, and in Morton County, North Dakota, to her brother, Edward C. Mieher, and to set aside two later deeds from Mieher to other defendants. The circuit court entered a decree dismissing Jones's complaint for want of equity. Upon appeal, this court, on January 19, 1949, reversed the decree and remanded the cause for further proceedings not inconsistent with its opinion. (*Jones* v. *Robley,* 402 Ill. 302.) Thereafter, on March 19, 1949, in obedience to the mandate of this court, the circuit court entered a decree in favor of plaintiff, granting him the relief sought by his complaint.

Two days later, on March 21, 1949, Jones brought the present action in the circuit court of Macoupin County, seeking a declaratory judgment that an agreement between the present defendant, Earl S. Hodges, an attorney, and himself, for attorney's fees to be paid by Jones to Hodges for the latter's services in *Jones* v. *Robley,* was void. In March of 1951, a decree was entered finding that the agreement for legal services was valid and had not been breached by defendant; that defendant had complied with its terms; that defendant was entitled to receive from plaintiff $80.50 which defendant had expended in prosecuting *Jones* v. *Robley;* that after deducting this amount from the total recovery by plaintiff in *Jones* v. *Robley,* fifty per cent of the balance should be paid to defendant; that the sum adjudged to be due from the plaintiff should become a lien on all the real and personal property and moneys had by plaintiff as the total recovery in *Jones* v. *Robley,* and that

defendant should have execution therefor. In affirming this decree, (347 Ill. App. 436,) the Appellate Court said: "Inasmuch as there has been no final determination of the amount of the net recovery to plaintiff, the trial court could not render judgment in a definite and fixed amount; however, the formula and method of the ascertainment is fixed and provides a method of definite determination of the amount due defendant under the contract."

On January 19, 1953, defendant filed in the circuit court a motion to discover assets and for an accounting. In particular, defendant moved that the receiver and the master in chancery in the matter of *Jones* v. *Robley* be directed to submit current reports; that defendant be permitted to examine plaintiff under oath to discover the nature and situation, amount and value of all property recovered by plaintiff in *Jones* v. *Robley,* and that upon a determination of the recovery had by plaintiff in *Jones* v. *Robley,* a judgment be entered in favor of defendant and against plaintiff in accordance with the formula and method of ascertainment set forth in the decree of March 14, 1951.

Plaintiff's objection to a hearing on January 19, 1953, was overruled. Evidence was heard and, on February 18, 1953, the court found that after deducting $80.50 as provided by the decree of March 14, 1951, the total recovery in *Jones* v. *Robley* consisted of $7,286.20 in cash, of which $6,237.42 was deposited with the receiver, and $1,048.78 with the master in chancery, together with certain specifically described real estate in Morton County, North Dakota, and that plaintiff was the sole owner of that property free from liens or encumbrances.

Judgment for $3,643.10 was rendered in favor of defendant and against plaintiff. It was ordered that, out of moneys in his hands, the receiver pay defendant that sum, plus the sum of $80.50 as entered March 14, 1951. It was further ordered that defendant have a one-half interest in the land in North Dakota and that plaintiff convey such

interest to defendant within ten days after entry of judgment. Plaintiff prosecutes a direct appeal, apparently upon the assumption that a freehold is involved within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1953, chap. 110, par. 199.

Although plaintiff has stated nine errors relied upon for reversal, he argues but three, which are (1) that the trial court lacked jurisdiction to enter the judgment of February 18, 1953, in the absence of the filing of a petition and the entry of an order fixing reasonable notice to the parties, pursuant to the declaratory judgment section, (Ill. Rev. Stat. 1953, chap. 110, par. 181.1,); (2) that the judgment completely modified, changed and amended the decree of March 14, 1951, in matters of substance nearly two years after its entry; and (3) that the trial court was without authority to grant further relief to defendant in the absence of a counterclaim asking for relief.

For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. ·(*Cohen* v. *Oguss,* 384 Ill. 353.) A freehold must be involved not only in the original proceeding but also in the questions to be determined upon review by this court. (*Dombroski* v. *Vallely,* 409 Ill. 596; *Classen* v. *Ripley,* 407 Ill. 350; *Kurzawski* v. *Malaga,* 402 Ill. 207; *Frey* v. *Schaab,* 379 Ill. 315; *Flanagan* v. *Wilson,* 375 Ill. 179; *Wainwright* v. *McDonough,* 364 Ill. 626; *McGrath* v. *Dunne,* 363 Ill. 549.) A freehold is not involved where the title is not put in issue in any manner by the pleadings and there are no assignments of error touching the freehold. (*Gits* v. *Ullrich,* 288 Ill. 527; *Kesner* v. *Miesch,* 204 Ill. 320.) The mere fact that a freehold has been involved in an action is not decisive of the question of jurisdiction. (*Schrader* v. *Schrader,* 357 Ill. 623.) Where a freehold is involved in the original judgment or decree but not

in the questions to be settled upon the appeal, this court lacks jurisdiction and the appeal lies to the Appellate Court. *Tree* v. *St. Luke's Hospital,* 408 Ill. 623; *Simpson* v. *Harrison,* 389 Ill. 588; *Cohen* v. *Oguss,* 384 Ill. 353; *Schrader* v. *Schrader,* 357 Ill. 623.

Questions involving a freehold were decided upon the original appeal in *Jones* v. *Robley,* 402 Ill. 302. Defendant's motion to discover assets and for an accounting assumed that title to all the real estate involved in the earlier action was in plaintiff. The relief sought was the entry of a money judgment in favor of defendant and against plaintiff, conformably to the formula and method of ascertainment stated in the judgment of March 14, 1951, which impressed a lien upon plaintiff's property for the payment of that judgment. The subsequent judgment of February 18, 1953, declares that plaintiff is the sole owner of the property in North Dakota free of liens or encumbrances. Defendant does not challenge this finding. It thus appears that all questions involving a freehold have been previously decided; that defendant did not contest plaintiff's title in the trial court, and that his title is not now in issue but, instead, has been admitted by defendant in all his pleadings.

To the extent that the real estate is involved, the question is simply whether it can be subjected in this manner to the payment of the judgment of March 14, 1951. That question is one of procedure. The question whether a title is subject to the payment of a judgment does not involve a freehold. (*Hockett* v. *Logan,* 257 Ill. 326.) Defendant's motion to discover assets and for an accounting is similar to a complaint in aid of an execution for the purpose of subjecting real estate to the lien of a judgment and satisfying the execution. Since the only question in such cases is whether the land is subject to the lien asserted, a freehold is not involved. (*Fairbanks* v. *Carle,* 217 Ill. 136;

*Herdman* v. *Cooper,* 125 Ill. 359.) Proceedings involving the existence or enforcement of liens on real estate do not involve a freehold even though the litigation may result in the loss of a freehold, since no freehold is involved if the defendant may prevent a disturbance of his title by making payment or doing some act to arrest a sale. (*Wencpal* v. *Kizas,* 374 Ill. 333; *Becker* v. *Fink,* 273 Ill. 560.) And where, as here, the scope of the litigation, insofar as the real estate is involved, embraces only the enforcement of a lien, a freehold is not involved. (*Kagy* v. *Luke,* 357 Ill. 512; *Blodgett* v. *Blodgett,* 343 Ill. 569.) Questions of titles, if any, are but collaterally, contingently or incidentally involved in the present phase of the litigation originating with *Jones* v. *Robley,* 402 Ill. 302.

The three issues argued by plaintiff upon this appeal present questions of practice and procedure. A freehold is not involved, and this court is without jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the Third District.