(No. 33660.—

LEO FREESE, Trustee, Appellee, *vs.* JEWELL JEFFORDS *et al.,* —(JEWELL JEFFORDS, Appellant.)

*Opinion filed November 23, 1955*

190

WILLIAM C. NOEL, JOSEPH M. WILLIAMSON, H. FRANK MIDDLETON, ROY C. FREEMAN, and ROBERT P. POPE, all of Urbana, for appellant.

JOHN H. FINFROCK, and ORIS BARTH, both of Urbana, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The circuit court of Champaign County entered a decree appointing a successor testamentary trustee and this direct appeal is taken from that decree, apparently on the theory that a freehold is involved. Although our jurisdiction upon direct appeal is not challenged by the appellee, it is the duty of this court to decline to proceed where jurisdiction does not exist. *In re Estate of Kaindl,* 411 Ill. 608; *Wylie v. O'Connor,* 363 Ill. 615.

Leo Freese, who was named as trustee in the will of Frank M. Clayton, deceased, filed his complaint in which

he requested that because of his advanced age and poor health he be relieved of his duties as trustee, and that Chancy L. Finfrock, who was named as successor trustee in the will, be appointed trustee in his stead. Jewell Jeffords, who was the testator's housekeeper, filed an answer which denied each of the allegations of the complaint. The answer included a "First Affirmative Defense" which alleged the existence of a contract by which the deceased had agreed to convey or devise all of his property to Jewell Jeffords in consideration for her promise to care for him for the remainder of his life. The affirmative defense also alleged that there was pending in the circuit court of Champaign County an action for specific performance in which the enforcement of this contract was sought. No reply was filed to the answer. No counterclaim was filed by Jewell Jeffords. At the trial the only witness was Chancy Finfrock who testified that Leo Freese was about eighty years old, was not in good health, and did not want to assume the responsibilities of the trust. The decree fixed the amount of the trustee's bond, accepted the resignation of Leo Freese as trustee, and appointed Chancy Finfrock as successor trustee.

Defendant's contention is that because the plaintiff did not file a reply to the answer, the facts which the answer alleged were admitted, and that the court should therefore have ordered the trustee to transfer all of the property of the decedent to her.

Although the estate included real estate, no freehold is involved. The decree in no way decided the ownership of any property, nor was any issue involving a freehold properly before the trial court in the absence of a counterclaim, designated as such. (Ill. Rev. Stat. 1953, chap. 110, par. 162.) The court merely exercised its general chancery jurisdiction to appoint a trustee and direct him in the administration of the trust.

Moreover, it is well settled that in order that this court may have jurisdiction on direct appeal a freehold must be

involved not only in the original proceeding but also in the issues to be settled on review and the fact that a freehold may have been involved in the trial court is not determinative of the question of jurisdiction on review. (*Jones* v. *Hodges,* 1 Ill. 2d 415; *Simpson* v. *Harrison,* 389 Ill. 588; *Cohen* v. *Oguss,* 384 Ill. 353; *Frey* v. *Schaab,* 379 Ill. 315.) The errors assigned and argued in this case raise only questions of pleading and procedure.

The cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*